GATLING v. ROBBINS.

Suit on the record of a judgment rendered in the Commercial Court of *Cincinnati, Ohio*. Transcript offered in evidence and objected to on the ground that it was not properly certified. It was certified by the clerk of the .Court of Common Pleas of *Hamilton* county, *Ohio*, and bore the seal of that Court. The certificate states that it is a true transcript of the record of the proceedings and judgment had in the Commercial Court of *Cincinnati*, as the same appear among the records of said Court, then in the office of the certifying clerk, which said records, with the files of said Commercial Court, were transferred and delivered to the said Court of Common Pleas, in pursuance of the constitution, and the act entitled an act to provide for the transfer of the business of the Superior and Commercial Courts of *Cincinnati*, which passed and took effect *January* 27, 1853. To this is added the certificate of a judge of the Court of Common Pleas of *Hamilton* county, certifying in the usual form the official character of the clerk of that Court, that his attestation is in due form of law, and by the proper officer.

*Held*, that the certificate of the judge is at least *prima facie*, if not conclusive, evidence that the clerk's attestation is in due form of law, and by the proper officer.

*Held*, also, that the certificate supplies to our courts the place of the laws of *Ohio*.

*Held*, also, that it shows what faith and credit would be given to the clerk's attestation and record if offered in evidence in some other court in *Ohio*, and our statute provides that when so certified, they shall be entitled to equal credit here.

The proceedings in this case were against *Richard J. Gatling*, except that the plea was in the name of *Robert J. Gatling*. The record shows that this plea was filed in a cause against *Richard J. Gatling*, and the judgment was against him. *Held*, that the misnomer in the plea was merely a clerical error.

APPEAL from the *Marion* Court of Common Pleas.

GOOKINS, J.—This suit was brought on the record of a judgment rendered in the Commercial Court of *Cincinnati, Ohio*, in favor of *Robbins* against *Gatling*. The answer denies the recovery of the judgment and the existence of the record. The plaintiff had judgment below, from which the defendant appeals.

The defendant objected to the admissibility of a transcript of the record offered in evidence, because it was not properly certified. It was certified by the clerk of the Court of Common Pleas of *Hamilton* county, *Ohio*,

and under the seal of that Court. The certificate states it to be a true transcript of the record of the proceedings and judgment had in the Commercial Court of *Cincinnati*, as the same appear of record among the records of said Court, then in the office of the certifying clerk, which said records, with the files of said Commercial Court, were transferred and delivered to the said Court of Common Pleas, in pursuance of the constitution, and the act entitled an act to provide for the transfer of the business of the Superior and Commercial Courts of *Cincinnati*, which passed and took effect *January* 27, 1853. To this is added a certificate of a judge of the Court of Common Pleas of *Hamilton* county, certifying in the usual form to the official character of the clerk of that Court, that his attestation is in due form of law, and by the proper officer.

The statute of this State is similar to the act of Congress on the subject of the authentication of records from other States. It provides that the records and judicial proceedings of the several courts of record of or within the *United States*, or the territories thereof, shall be admitted in the courts within this State, as evidence, by attestation or certificate of the clerk or prothonotary, and the seal of the court annexed, together with the seal [certificate] of the chief justice, or one or more of the judges, or the presiding magistrate of such court, that the person who signed the attestation or certificate was at the time of subscribing it, the clerk or prothonotary of the court, and that the attestation is in due form of law; and the records and judicial proceedings authenticated as aforesaid, shall have full faith and credit given to them in any court within this State, as, by law or usage, they have in the courts whence taken. 2 R. S. p. 93, s. 286.

The defendant's position is, that the clerk of the Court of Common Pleas of *Hamilton* county had no power to certify that by the constitution and laws of *Ohio* he was made the depository of the records of the Commercial Court, with authority to certify transcripts

of its proceedings; that this could only be shown by producing the constitution and laws of *Ohio* conferring the power in question, which was not done. This position, we think, cannot be sustained. The certificate of the judge is at leass *prima facie*, if not conclusive, evidence that the clerk's certificate is in due form of law, and by the proper officer. It supplies to us the place of the laws of *Ohio*. It proves to us what faith and credit would be given to the certificate and record if offered in evidence in some other Court in *Ohio*, and the statute provides that when so certified they shall be entitled to equal credit here.

Another objection taken to the evidence is, that the defendant did not appear to the action in the Commercial Court of *Cincinnati*. The proceedings are against *Richard J. Gatling*, except that the plea is in the name of *Robert J. Gatling*. The record shows that the plea was filed in a cause against *Richard J. Gatling*, and the judgment was against him; hence the presumption is that it was but a clerical error. But whether it was or not, no such objection was pointed out in the Court below. The defendant had not then discovered, probably, that his attorneys had mistaken his name in pleading. As the error was not relied on below, it is not available here.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*J. A. Liston* and *J. W. Gordon*, for the appellant (1).

*J. Caven*, for the appellee (2).

(1) Counsel for the appellant cited the following authorities:

If the new constitution of *Ohio*, and a subsequent act of the Legislature, have enabled the clerk of the Common Pleas of *Hamilton* county to take charge of and have custody of the records, and business, and judgments of the Commercial Court of *Cincinnati*, neither her constitution, nor any act of her legislature, can make the certificate of a clerk of any Court in *Ohio*, evidence out of her own jurisdiction, of the provisions of her constitution or the acts of her legislature, so as to dispense with the provisions of the act of Congress and the statutes of our own State. 5 Blackf. 375.—2 *id.* 31.—4 *id.* 52.—1 *id.* 157.— *Vide* 1 R. S. p. 351. —2 *id.* p. 95. s. 291.—*Id.* p. 93, s. 285.

(2) The counsel for the appellee cited the following authorities:

If the attestation was sufficient in *Ohio*, with the addition of the judge's certificate, the transcript becomes, in *Indiana*, proof of as high a nature as an inspection by the Court in *Ohio* of its own records, or as an exemplification would be in any other Côurt of the State of *Ohio*, viz., evidence of the highest nature, record evidence. See act of Congress of *May* 26, 1790; (2 R. S. p. 94); also 7 Cranch, 481; 1 Pet. 352.

This is a judgment, and a judgment is conclusive in every other State. See Pet. Dig. vol. 1, p. 701, ss. 1158, 1159; vol. 2, p. 96, ss. 98, 107—p. 97, s. 10—p. 98, ss. 17, 20.

The construction given by the courts of a state to its own laws, become part of the law, binding not only upon the courts of other States, but even upon the courts of the *United States*. See. Pet Dig. vol. 1, under the head "Decisions of State Courts," commencing on page 529, and especially under sections 7, 9, 10, 17, 20, 21, 23, 25, 27, 34, 40.

The judge's official character requires no indorsement. It proves itself, at least *prima facie*. Pet. Dig. vol. 2, p. 318, s. 38. Livingston's Law Magazine, for *January*, 1854, p. 77. *Dwight* v. *Richardson*, 12 Sm. and Marsh, 325.

The present clerk is the legal successor of the clerk of the Commercial Court, and the successor can do whatever his predecessor could do. See *Parker* v. *The State*, 8 Blackf. 292. In that case the transcript was certified by a successor in office, his own statement being the only evidence that he was such successor. Its admission the Supreme Court decided was right.

See also the case of *Steel* v. *Rope*, 6 Blackf. 176. It is there held, that "the mere certificate of the justice, that the warrant was on file in his office was *prima facie* evidence that it was legally, in his custody."