## Manning, Respondent, v. Hogan, Appellant.

1. A. instituted an action against B. on a judgment of a sister state. From the transcript offered in evidence it appeared that the clerk certifying the same was clerk of a court other and different from that in which the judgment was rendered. It appeared also from his certificate that the record of the cause had been transferred by law to the court of which he was clerk, and from the record itself it appeared that two several executions had been issued by said clerk upon said judgment, and levies and execution sales made thereunder. *Held*, that the transcript was admissible in evidence although no law authorizing the transfer was produced.

2. Under the revised code of 1845 no lapse of time short of twenty years from the time of the rendition of a judgment of this or a sister state would bar a right of action on such judgment.

*Appeal from St. Louis Court of Common Pleas.*

This was an action (commenced February 18, 1856) against John Hogan on a judgment rendered in a municipal court of the city of Alton, in the state of Illinois, in the month of October, 1838, against said Hogan and one W. G. Pinckard. The defendant put in issue the rendition of the judgment, and further pleaded that he had resided in the state of Missouri more than ten years next preceding the commencement of this suit, and that the cause of action did not accrue within ten years next before the commencement of this suit.

The plaintiff adduced in evidence a transcript of the judgment sued on, certified as stated below in the opinion of the court. The court received the same in evidence against the objection of defendant. The defendant introduced evidence to show that he came to St. Louis to reside about April, 1845.

The defendant asked the court to instruct the jury as follows: " If the jury find from the evidence that the defendant has resided in the state of Missouri ever since the 10th day of April, 1845, and that the judgment, the transcript of which has been offered in evidence by the plaintiff, was rendered as early as the 4th day of October, 1845, then the plaintiff is not entitled to recover."

The court refused so to instruct, but, of its own motion, gave the following: " The fact that the defendant has lived in this state continuously for more than ten years next before the commencement of this suit is no bar to this action."

The jury found for plaintiff.

*T. Polk*, for appellant.

I. The transcript of the judgment was improperly admitted in evidence. The judgment was rendered by the municipal court of the city of Alton. The attestation is by the clerk of the circuit court of Madison county. There was no

proof of any transfer. But granting that there was such a transfer still the authentication was insufficient. The certificate was not competent to prove the judgment. It is not such certificate as is required by the act of congress. That requires the certificate of the clerk of the court rendering the judgment. If not authenticated as required by said act of congress, it must be proved just as if the act had never been passed.

II. The action was barred by the statute of limitations. The statutory limitation of five years applies to the case. (R. C. 1845, p. 716, § 2.) The case is not within the exception of the act. This is a judgment of a sister state. (Harness v. Green, 20 Mo. 316; R. C. 1845, p. 90; 13 Pick. 325; 4 McCord, 378.) If the second section is not applicable then the first section is. The first section of article 4 does not qualify the operation of section 2 of article 2.

*M. L. Gray*, for respondent.

I. The transcript was admissible in evidence. The statute of limitation was no bar.

RICHARDSON, Judge, delivered the opinion of the court.

This suit was commenced in February, 1856, on the record of a judgment recovered in October, 1838, in the municipal court of the city of Alton, in Madison county, in the state of Illinois, against the defendant and William G. Pinkard. The transcript is certified, under the act of congress, by the clerk of the circuit court of Madison county, Illinois; and the presiding judge certifies that the attestation of the clerk is in due form. No objection is taken to the form of the certificates, but to the want of power in the clerk of the circuit court to certify to the exemplification of the record of another court. The caption to the transcript is in these words: "Pleas of record in the circuit court of Madison county, state of Illinois, the same having been transferred to said circuit court from the late municipal court of the city of Alton in pursuance of law in that case made and provided."

Then follows the declaration, summons and return of service, default, final judgment and execution. Also an *alias* execution issued on the 14th of October, 1845, by the clerk of the circuit court, in which it is recited that the records of the late municipal court are in the office of the clerk of the circuit court. On this execution there is an endorsement of a levy and sale which produced a credit of two hundred dollars ; and afterwards, on the 12th of August, 1846, a *pluries* execution was issued by the clerk of the circuit court, which shows, by the return, a further credit of seventy-five dollars made by sale of property. The clerk then states in his final certificate that " the foregoing is a true and complete copy from the said municipal court as well as from the said circuit court of the process, pleadings and record had in said cause, as therein entitled, as fully as the same is now on file and of record in said circuit court."

Only two points are made in this court, which are, 1st, that the transcript was improperly admitted in evidence ; and, 2d, that the action was barred by limitation.

It is insisted that the record and judicial proceedings of a court of a sister state can only be proved by the attestation of the clerk of the same court that rendered the judgment ; and, conceding that the clerk of a court to which the records of another have been transferred can certify to the records of the latter, yet the law authorizing the transfer must be produced.

It is manifest from the transcript that the records of the municipal court were in fact in the custody of the circuit court, for the clerk certified that they were in his keeping ; but, independent of any verity imported by his seal, the issuing of two executions from the circuit court shows that this judgment was impressed with the action of the circuit court, and, being thus adopted, became incorporated as a part of its own proceedings. It ought to be presumed that the clerk did not certify to a falsehood, and that the circuit court did not attempt to enforce a judgment not lawfully in its custody. If a transcript of a court of record is produced from

another state properly certified, we never inquire whether the court had authority by the local law to render the judgment, for we presume, not only that the jurisdiction was rightfully exercised, but that the record was in the custody of the proper officer and came from the right quarter; and if the court that renders a judgment becomes extinct and its records are transferred by law to another court, public convenience will be promoted, without danger of imposition, by allowing the clerk and judge of the latter court to make the requisite attestations. (1 Greenl. Ev. § 506; Gatten v. Robbins, 8 Ind. 184.) In Thomas v. Tanner, 6 Mon. 52, the transcript of a will, with the probate thereof taken in 1812 by the judge of probate for the district of Cape Girardeau, in the territory of Louisiana, with letters testamentary granted by the county court of Cape Girardeau county, in the state of Missouri, in 1821, certified from the records of the county court, was offered in evidence; and the court held that it was admissible, and that as the record of the probate court purported to be kept in the county court it was not necessary to produce the law transferring the records of the probate court to the county court.

The first, second and third articles of the statute of limitations of 1845 do not in terms prescribe any limitation on actions founded on judgments rendered in this or any other state; and the implication that any of the provisions of the law were intended to cover judgments of other states is excluded by the first section of the fourth and last article which declares that "every judgment and decree of any court of record of the United States, or of this or any other state or territory, made or rendered after the first day of December, in the year eighteen hundred and thirty-five, shall be presumed to be paid and satisfied after the expiration of twenty years from the time of the rendition of such judgment or decree," &c. It was useless legislation to declare that a judgment shall be presumed to be paid after the lapse of twenty years, if a period short of that time would bar an

action on it. The court, in our opinion, properly instructed on the question of limitation, and the judgment will be affirmed; the other judges concurring.