PHILIP C. SUBLETT, Plaintiff in Error, *v.* JOHN F. NELSON, ADM'R, Defendant in Error.

1. *Administration — Demands.* — The strict legal rules of pleading are not applicable to proceedings in allowing demands in the county courts, and the decisions should be so rendered as to subserve the ends of justice, according to the evidence, without regard to technical precision in pleading. (R. C. 1855, p. 155, § 18.

2. *Justices' Courts — Judgments — Limitations.* — Judgments rendered in a justice's court are not barred by the statute of limitations. (R. C. 1855, p. 1053, § 16; Humphreys v. Lundy, 37 Mo. 320.)

*Error to Marion Circuit Court.*

*Dryden & Lindley* with *H. S. Lipscomb*, for plaintiff in error.

I. County courts are required to hear and determine demands against decedents' estates in a summary way, without the form of pleadings (§ 18, p. 155, R. C. 1855) ; and the Circuit Court, in the trial of such cases on appeal, is governed by the same rules of evidence and procedure as those governing the County Court. In such cases the decision, as well in the one court as the other, is upon the case made by the evidence, and not upon that made by the complaint.

II. Actions founded on judgments rendered in this State are not barred by the provisions of the statute of limitations of 1855—Manning v. Hogan, 26 Mo. 574.

WAGNER, Judge, delivered the opinion of the court.

This was a proceeding originally commenced in the Marion County Court to have a demand allowed and classed against the estate of the defendant intestate. The demand was founded on a judgment rendered before a justice of the peace in favor of the plaintiff and one C. R. Magee, who were co-partners at the time the judgment was obtained ; but, before the presentation of the demand for allowance and classification in the County Court, Magee sold, transferred and assigned his share in the judgment to the plaintiff, who was the sole and exclusive owner thereof. The complaint

filed in the County Court charged the estate to amount of judgment rendered before the justice of the peace in favor of plaintiff. The judgment was rendered more than ten years but less than twenty before it was presented to the court for allowance. Tho County Court gave judgment for the defendant on the ground that the demand was barred by the statute of limitations. On an appeal being taken, the Circuit Court gave two instructions for the defendant and then found in his behalf. These instructions constitute the error complained of, and are in substance—

1. That admitting that plaintiff and Magee had a judgment, and that Magee assigned his interest therein to plaintiff, it would not be evidence sufficient to support the allegation of the plaintiff of a judgment in his favor alone against the defendant's intestate.

2. That more than ten years having elapsed from the date of the rendition of the judgment before the suit was instituted in the County Court, the same was barred by the statute of limitations.

The strict legal rules of pleading have never been applied to proceedings in county courts. The law provides that county courts shall hear and determine in all demands in a summary way, without the form of pleading—R. C. 1855, § 18, p. 155; and the same rules of procedure must govern in the trial in the Circuit Court when the cause comes up on appeal from the inferior tribunal. The practice in the County Court is purposely so framed that parties can attend to their own business in ordinary matters, and the decisions should be so rendered as to subserve the ends of justice according to the evidence, without regard to technical precision in pleading. The law has pointed out and adopted a summary mode of proceeding for the convenience of the people, and to apply the doctrine of variance with the strictness here contended for would make it a snare to entrap the unwary.

The second point regarding the statute of limitations may be easily disposed of. This court decided that under the

Revised Code of 1845 no lapse of time short of twenty years from the time of the rendition of a judgment would bar a right of action on such judgment—Manning v. Hogan, 26 Mo. 570. And after mature deliberation, and upon a full view of the subject, we have held that judgments rendered in a justice's court are not barred by the statute of 1855—R. C. 1855, p. 1053, § 16 ; Humphreys v. Lundy, 37 Mo. 320.

The judgment is reversed and the cause remanded. The other judges concur.