Carpenter v. King et al.

———————•———————

WILLIAM CARPENTER, Respondent, *v.* THOMAS KING *et al.*, Appellants.

1. *Justice's Court — Judgment — Transcript — Execution — Construction of Statute.*—The provision of section 6, ch. 90, p. 951, R. C. 1855 — section 6, ch. 182, p. 712, Gen. Stat. 1865—which prohibited a party or his legal representatives from suing out an execution upon a judgment of the justice's court after three years had elapsed, without having the same revived, referred exclusively to the issuing of executions by the justice of the peace, and had no application to proceedings on a transcript. The plain import and intention of section 17, ch. 90, p. 961, R. C. 1855 — section 14, ch. 183, p. 717, Gen. Stat. 1865 — is, that the lien should attach from the time the transcript is filed, for the same length of time and with like effect as upon a judgment, from the date of its rendition.

2. *Sheriff's Deed — Recitals.*—Where the plaintiff is bound to produce a judgment, the recitals in the deed under which he claims should conform to the judgment, in order that the court can see that the deed was made on the judgment.

Carpenter v. King et al.

**3.** *Sheriff's Deed—Recitals— What, prima facie Evidence.*— A sheriff's deed which recites the date of the rendition of the judgment, the amount for which it was rendered, the names of the parties to the record, the time of filing the transcript, and the time when execution was issued, is sufficiently definite to render it *prima facie* evidence and shift the burden of proof upon the adverse party, if he denies its validity, even if it does not recite the name of the justice of the peace before whom it was rendered. Such recitals contained every material fact required by the statute relating to executions.

**4.** *Sheriff's Deed, presumptive evidence of its recitals —Burden of Proof.*— The sheriff's deed is presumptive evidence of the recitals contain in it, without any accompanying proofs; subject, however, to be destroyed or invalidated when attacked by a party resisting it. (McCormick v. Fitzmorris *et al.*, 39 Mo. 24, affirmed.)

*Appeal from Livingston Circuit Court.*

This case came by appeal through the Fifth District Court.

*Hall & Oliver*, for appellant.

I. It is not necessary that a sheriff's deed should recite the issuing by the justice of an execution, and its return "no property found." (Coons v. Munday, 3 Mo. 374 ; Murray v. Saxton, 15 Mo. 623 ; 13 U. S. Dig. 318, §§ 31, 32.)

II. The judgment in which the Circuit Court execution issued was not dormant at the time of the issue. When a transcript of a justice's judgment is filed in the clerk's office of the Circuit Court, it is to be carried into effect in the same manner as judgments of Circuit Courts, and a judgment of that court is carried into effect by an execution issued at any time within five years from and after its rendition. (R. C. 1855, p. 961, § 17 ; *id.* p. 904, § 12.) Moreover, the act of 1863 continues the lien of judgments for the period of five years from and after their rendition. (Adj. Sess. Acts 1863, p. 24.)

III. An execution on a dormant judgment is not a nullity. A sale under such a judgment can be attacked only in a direct proceeding, and will be treated as valid in an action of ejectment. (8 Johns. 304 ; 1 Cowan, 736-7 ; 16 Johns. 575 ; 1 Ind. 431 ; 2 Ind. 252 ; 2 Serg. &. R. 426 ; 17 *id.* 327 ; 4 Watts, 473 ; 4 How. 79 ; McLean's R. 338 ; Wright's R. 738 ; 8 Mo. 264 ; McNam. Null. 68.)

*Asper & Pollard*, for respondent.

I. The sheriff's deed did not describe a judgment as rendered in any court known to the laws of this State. (Crittenden v. Leitensdorfer, 35 Mo. 239; Moreau v. Detchemendy, 18 Mo. 522.)

II. The judgment, at the time the execution was issued, was dormant and dead, and could give no legal vitality to the execution sale and proceedings of the sheriff; and the pretended deed was a nullity, as appeared on its face. It was presumed satisfied. (R. C. 1855, p. 902, §§ 3, 11; *id.* p. 951, § 6; *id.* p. 961, §§ 16, 17; Lackey v. Lubke, 36 Mo. 115; Weston v. Clark, 37 Mo. 568; 4 Wend. 474; Turner v. Keller, 38 Mo. 332; Lytle v. Cin. Man. Co., 4 Ohio, 466.)

III. The execution was on a judgment of the justice. Filing the judgment in the circuit clerk's office does not change the character of the judgment. It must be revived there. In a sale on such a judgment, it must be described as a sale on a justice's judgment. (R. C. 1855, p. 961, §§ 16, 17; Bennett v. Vinyard, 34 Mo. 217.) The judgment in this case is general, and regulated by the practice statute exclusively. (Bunding v. Miller, 10 Mo. 445; Blair v. Coppedge, 16 Mo. 495.)

IV. The writ was no protection, nor could it convey title, because it showed on its face that it was void. (Lackey v. Lubke, 36 Mo. 115.)

V. A dormant judgment is, to all intents and purposes, dead. It can give no vitality to executions issued upon it. (Norton v. Brown, 5 Ohio, 178; Hutchinson v. Hutchinson, 15 Ohio, 301.) It is presumed to have been satisfied. (Lytle v. Cin. Man. Co., 4 Ohio, 466; 2 Swan's Pr. 1003–4.)

WAGNER, Judge, delivered the opinion of the court.

The material question in the present case regards the proper construction to be placed upon the statutes in respect to transcripts issued from the judgments of justices of the peace, and filed in the office of the clerk of the Circuit Court.

The action was ejectment, brought in the Livingston Circuit Court, and the defendant relied for defense on a purchase of the

premises made at sheriff's sale. The court, at the instance of the plaintiff, excluded the sheriff's deed, together with the execution issued from the clerk's office, and also the judgment and proceedings had before the justice of the peace.

From the record it appears that one Ashford Saxton, on the 26th day of May, 1860, recovered judgment against Carpenter, the plaintiff, before James May, a justice of the peace for Livingston county, for the sum of thirty-three dollars and twenty-five cents debt, and six dollars and seventy-five cents costs; that an execution was regularly issued on the judgment by the justice of the peace, directed to the constable, and by him returned " no property found;" and that afterward, on the 13th day of June, 1862, a transcript of the judgment was filed in the office of the clerk of the Circuit Court, and recorded and entered upon the docket of judgments and decrees; and that on the 10th day of December, 1863, execution issued from the clerk's office, by virtue of which the land was sold by the sheriff, under which sale the defendants claim the title. It is contended by the plaintiff's counsel that, under the provisions of the statute, the execution was issued by the clerk without authority, and in express violation of law, and that the purchaser at the sale took no title in consequence thereof. And this opinion seems to have been adopted by both the Circuit and District Courts. To support this view, section 6, p. 951, R. C. 1855, is cited, which provides, in reference to executions issued on justices' judgments, that neither the plaintiff nor his legal representatives shall, at any time after the expiration of three years from the rendition of a judgment by any justice of the peace, sue out an execution thereon, unless such judgment be revived in the manner directed in subsequent sections of the act. And it is insisted that this prohibition is absolute on all courts, and the filing of a transcript in the Circuit Court can make no difference as to prolonging the time.

By section 16, R. C. 1855, p. 961, provision is made for filing transcripts from justices' courts in the office of the clerk of the Circuit Court, and section 17 declares that every such judgment, from the time of filing the transcript, shall have the same lien on the real estate of the defendant in the county as is given to

judgments of Circuit Courts, and shall be under the control of the court where the transcript is filed; may be revived and carried into effect in the same manner and with like effect as judgments of Circuit Courts, and executions issued thereon may be directed to and executed in any county in the State. Liens on judgments rendered in the Circuit Court, by the statute of 1855, continued for three years from the date of rendition, and the party in whose favor judgment was given might, at any time within five years after the entry of judgment, enforce the same by execution. It is apparent, we think, and such has always been the general opinion of the profession, that the provision of the statute which prohibited a party or his legal representatives from sueing out an execution upon a judgment of the justice's court after three years had elapsed, without having the same revived, referred exclusively to the issuing of executions by the justice of the peace, and had no application to a proceeding on a transcript. The question, then, remains to be determined, what shall be the effect and nature of the transcript when filed in the office of the clerk of the Circuit Court? The law, it seems to me, can bear but one construction. The language is, that every judgment of a justice of the peace, from the time of filing the transcript, shall have the same lien on the real estate of the defendant in the county as is given to judgments of the Circuit Court, and shall be under the control of the court where the transcript is filed; may be revived and carried into effect in the same manner and with like effect as judgments of Circuit Courts. It is very obvious that, for many purposes, the transcript, when it is filed, has the same dignity and force as a judgment regularly rendered in the Circuit Court. It has the same lien on the real estate, and is under the control of the court; it must be revived and carried into effect in the same manner and with like effect as judgments originally rendered in the Circuit Court. Suppose the lien expires after the transcript is filed in the clerk's office. If it was desired to renew and preserve it, there could certainly be but one course to pursue, and that would be to issue *scire facias* from the office of the Circuit Court. But the plain import and intention of the statute is clear, and that is that the lien should attach from the time the transcript is

filed, for the same length of time and with like effect as upon a judgment, from the date of its rendition. Such being our view of the law, the execution was regularly issued. Another objection has been taken, that the recitals in the sheriff's deed are so defective as to be fatal. The deed recites that, on the 26th day of May, A. D. 1860, judgment was rendered in a justice's court of the county of Livingston, in favor of Ashford Saxton, on which a transcript was filed in the office of the clerk of the Circuit Court, on the 13th day of June, 1862, against William Carpenter, for the sum of thirty three dollars and twenty-five cents for debt, and six dollars and seventy-five cents for damages; upon which judgment an execution issued from the clerk's office of said court, in favor of the said Ashford Saxton and against the said William Carpenter, dated the 10th day of December, 1863, directed to the sheriff of the county of Livingston, etc. It is now said that there is no such court as the justice's court known to the law, and that the recital does not conform to the judgment in the case. Undoubtedly, where the plaintiff is bound to produce a judgment, the recital in the deed under which he claims should conform to the judgment, in order that the court may see that the deed was made on the judgment There is no question made but that the execution correctly recites all the facts. The whole object of the recitals is to avoid questions of variance. Now, the deed does not recite the name of the justice of the peace before whom the judgment was rendered, but it does recite the date of the rendition, the amount for which it was rendered, the names of the parties to the record, the time of filing the transcript, and when execution was issued. This, we are inclined to think, is sufficiently definite to render it *prima facie* evidence and shift the burden of proof on the adverse party, if he denies its validity. The statute concerning executions requires the officer making the sale of any real estate to make to the purchaser a deed, reciting the names of the parties to the execution, the date when issued, the date of the judgment, order, or decree, and other particulars as recited in the execution, with a description of the property, the time, place, and manner of sale; which recital should be received as evidence of the facts therein stated. The

recitals in the present deed contained every material fact required by the statute. In construing this statute, in McCormick v. Fitzmorris *et al.*, 39 Mo. 24, we held that the deed would be presumptive evidence of the recitals contained in it, without any accompanying proofs, subject to be destroyed or invalidated when attacked by a party resisting it. The fact that the execution was issued on a transcript cannot distinguish it, in the operation of the rule, from a case where it was issued on a judgment of the court.

The judgment will be reversed and the cause remanded. The other judges concur.