————o————

ISAIAH COOMES, *et al.*, Respondents, *vs.* JOHN W. MOORE, Appellant.

1. *Limitations—Judgments before justices of peace in foreign States—Constr. Stat.*—Suits brought in this State upon judgments rendered in another State in justice's court, after the lapse of five years from the date of rendition, are barred by the statute of limitations. (Wagn. Stat., 917, 918, §§ 8, 9, 10 construed.) Humphreys vs. Lundy, (37 Mo., 320) and Sublett vs. Nelson, (38 Mo. 487), were cases of *scire facias* or proceedings analogous thereto, and were merely the continuation of proceedings already begun. They were not original and independent actions to which the statute can be pleaded.

*Appeal from Harrison Circuit Court.*

*D. J. Heaston,* for Appellant.

I. The cases of Humphreys vs. Lundy, (37 Mo.,320,) and Sublett vs.Nelson, (38 Mo., 487,) refer to domestic judgments, rendered before justices within this State, and which may be revived by *scire facias*, which is said not to be a civil action.

II. A foreign judgment does not stand upon the same ground as domestic judgments. It cannot be revived in this State by *scire facias.* No execution can issue upon it here. It is not a lien upon real estate here, even if rendered by a court of record elsewhere. In probate courts, foreign judgments are classed as simple contract debts. (Gainey vs. Sexton's Adm'r, 29 Mo., 449 ; Harness vs. Green's Adm'r, 20 Mo. 316 ; McElmoyle vs. Cohen, 13 Pet., 312 ; Sto. Confl. Laws, §§ 608 and 609, 6th Ed.)

*John C. Howell,* for Respondents.

I. The action is not barred by the statute of limitations. (Manning vs. Hogan, 26 Mo., 570 ; Humphreys vs. Lundy, 37 Mo., 320 ; Sublett vs. Nelson Adm'r, 38 Mo., 487.)

The judgments of other States are not barred by a statute of limitations which does not include them in terms. (Napier vs. Gidiere, 1 Spear's Eq., 215 ; 2 Vol. Am. Lead. Cas., 4 Ed. with notes of H. & W., pp. 819, 820.)

WAGNER, Judge, delivered the opinion of the court.

This was an action commenced in the Circuit Court in 1870, upon a judgment obtained before a justice of the peace in the State of Ohio in October, 1855. Defendant in his answer set up two defenses : First, that there was no such judgment as that declared upon in the petition ; and, Secondly, that the claim was barred by the statute of limitations. The court, on plaintiff's motion, struck out that part of the answer setting up the statute of limitations as a defense, and the defendant excepted.

The case was then tried on the remaining issues, and judgment was rendered for plaintiff.

We will first consider the action of the court, in its ruling upon the question of the statute of limitations ; and if we should conclude that there is error therein, that will be decisive of the whole case, and there will be nothing left for further determination.

Angell lays it down in the text of his treatise, that the rule that the statute of limitations is not pleadable to a judgment of a court, does not apply to a foreign judgment (Angell on Lim. § 83 ). But upon this subject the decisions have been conflicting.

If our statute has expressly provided a rule for the government of the case, that must prevail, and it would be wholly an unnecessary work to attempt to extract or deduce what might be considered the best rule as furnished by the authorities.

Our statute in reference to the limitation of personal actions, declares, "that civil actions, other than those for the recovery of real property, can only be commenced within the periods prescribed after the causes of action shall have accrued, namely within ten years : First, an action upon any writing whether

sealed.or unsealed, for the payment of money or property : Second, actions brought on any covenant of warranty contained in any deed or conveyance of land; shall be brought within ten years next after there shall have been a final decision against the title of the covenantor in said deed ; and actions on any covenant of seizin, contained in any such deed, shall be brought within ten years after the cause of action shall accrue. Third, actions for relief, not herein otherwise provided for."

"Within five years : First, all actions upon contracts, obligations or liabilities express or implied," except those mentioned above, "and except upon judgments or decrees of a court of record, and except where a different term is herein limited." (2 Wagn. Stat., pp. 917, 918, §§ 8, 9, 10.)

By the 31st section of the same act it is provided, that every judgment, order and decree of any court of record of the United States, or of this or any other State or territory shall be presumed to be paid and satisfied after the expiration of twenty years from the day of the rendition of such judgment, order or decree, (*Ibid.* p. 921). It will be perceived that while the statute makes express provision in regard to judgments and decrees of courts of record, no direct mention is made of judgments of courts not of record or justices of the peace.

In the case of Humphreys vs. Lundy, (37 Mo., 320) it was said that judgments of courts not of record, were not included in the foregoing exceptions, nor were they included at all within the purview of the act, unless the proceeding was by a civil action. The suit in that case was instituted under the law concerning "justices' courts," (R. C. 1855, p. 951, §§ 7—9) which gives a remedy by *scire facias*, to revive a judgment rendered in the court of a justice of the peace, and as the act contains no limitation on the time when the *scire facias* may be issued to revive a judgment in a justice's court, it was held that the statute was not pleadable in bar. The opinion is based upon the ground that there is a clear distinction between an original action which is the com-

mencement of a suit, and a *scire facias* ; the authorities hold-
ing that a *scire facias* is only the continuation of a former
suit and not an original proceeding, and that it is not the com-
mencement of an action to which the statute of limitations
can be pleaded (see cases cited in the opinion). It is true
some remarks were made by the learned judge who wrote the
judgment in the above case from which it might be inferred,
that he was of the opinion that the statute could not be
pleaded in any event to a judgment of a justice of the peace.
But no such question was in the case and the dicta cannot
therefore be regarded as binding authority. Humphreys vs.
Lundy was followed by this court in Sublett vs. Nelson (38
Mo., 487) on an analogous proceeding in the classification in
the County Court of a justice's judgment. But the precise
point here raised has never been passed upon in any case,
that we are aware of. The case shows a civil action commenced
on a judgment of a justice of the peace rendered in Ohio.
The only remedy possible to have on such a judgment in our
courts would be by a civil action. Process cannot be issued on
such a judgment in this State, nor can it be revived by *scire
facias*, nor has it any validity or force whatever, till an action
is brought upon it, and a judgment in our courts is obtaind
thereon. The statute then comes in and says, in unmistak-
able terms, that civil actions, other than those for the recovery
of real property, can only be commenced within the periods
prescribed. Section 10 provides that the following actions
must be commenced within five years : "All actions upon con-
tracts, obligations or liabilities, express or implied, except
those mentioned in section nine of this chapter, and except
upon judgments or decrees of a court of record, and except
where a different time is limited."

The cause of action in this case is not mentioned in section
nine, nor is it included within any of the other exceptions. It
then clearly falls within the designation of an action upon an
obligation or liability. That this was the intention of the
legislature, is, I think manifest from the fact, that after declar-
ing that all actions upon contracts, obligations or liabilities,

express or implied shall be barred within five years, judgments and decrees of courts of record, are immediately excepted from the operation of the section. This evidently shows that the legislative mind was directed to the subject of judgments, and that in actions brought upon them, one class was intended to be included within the terms of the section, and the other excluded.

Wherefore it follows that the court erred in striking out that part of the defendant's answer which pleaded the statute of limitations, and its judgment must be reversed and the cause remanded. All the judges concur, except Judge Sherwood, who is absent.