## PEARS v. GOFF, *Appellant.*

**Justice's Judgment:** FILING TRANSCRIPT IN CIRCUIT COURT: LIEN. The filing of a transcript of a justice's judgment in the office of the clerk of the circuit court more than three years after the rendition of the judgment, without its being first revived, does not create a lien on the lands of the defendant, or authorize the issuing of an execution.

*Appeal from Caldwell Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED.

*S. H. Corn* for appellant.

*John A. Cross* and *Smith & Krauthoff* for respondent.

HENRY, J.—In April, 1861, plaintiff obtained a judgment before a justice of the peace of Caldwell county against the defendant, and an execution thereon was issued and returned *nulla bona* before the expiration of three years from the date of its rendition. No other step was taken in the case before the justice, until the 30th day of September, 1878, when plaintiff procured from the successor of the justice who rendered it, a transcript of the judgment, and filed it in the office of the clerk of the circuit court of said county. The clerk issued an execution thereon, which defendant moved to quash, and, his motion having been overruled, he has appealed to this court.

After the lapse of three years from the rendition of a judgment in a justice's court, no execution can be issued upon it, until revived on a *sci. fa.* proceeding; and until revived the transcript of such a judgment cannot be filed in the office of the clerk of the circuit court of the county, by the plaintiff, after the lapse of three years. This seems to be the evident meaning of the section of the statute on this subject. After the lapse of three years, no execution can issue from the justice's court on such judgment. The

plaintiff, before he can have it revived, is required to make an affidavit stating that no part of the judgment has been paid, and in that proceeding, the defendant may come in and contest plaintiff's right to have it revived; and yet it is contended that after the lapse of three (in this case seventeen) years, without reviving the judgment the plaintiff may file his transcript, and, without more, have a lien upon defendant's lands, and a general execution against his property.

Under the decisions of this court, heretofore rendered, such a judgment may be revived at any time within twenty years after its rendition, so that, after the lapse of one day less than twenty years, by merely filing his transcript in the clerk's office the plaintiff could keep such a judgment alive for thirty years, less one day, if respondent's position be correct. We do not think the legislature intended the existence of such an anomaly. Execution cannot issue on a judgment of the circuit court after ten years have elapsed from the date of its rendition, but if the position contended for by respondent be correct, an execution may issue on the judgment of a justice, without any revival, thirty years, less one day, after its rendition, if plaintiff will but file a transcript of such judgment in the office of the circuit clerk. After the lapse of three years, the judgment, if not strictly speaking dead, is dormant—in a state of suspended animation. No step can be taken to enforce it after it has been revived and the statute providing for its revival before the justice, is superfluous, if the plaintiff can file his transcript, and thereby not only revive it, but give it a dignity and force it never possessed before—making it a lien upon real estate, and giving plaintiff a right to an execution at any time within ten years thereafter.

No case can be found in which this court has announced the doctrine here contended for. In *Humphreys v. Lundy*, 37 Mo, 320, the judgment had been revived in the justice's court. In *Carpenter v. King*, 42 Mo. 219, the only question was whether, on a transcript filed in the cir-

cuit court clerk's office within three years after the rendi-
tion of the judgment an execution could issue from that
court. after the lapse of three years from the date of its
rendition.    The principal question in *Humphreys v. Lundy*
was, whether there was any limitation to the proceeding
by *sci. fa.* before the justice to revive the judgment.    In
*Sublett v. Nelson*, 38 Mo. 487, the judgment of the justice
was regularly presented for allowance against the estate
more than three years after its rendition, and without hav-
ing been revived by a proceeding before the justice; but it
may be observed that the statutory proceeding by *scire
facias* has not taken away the right of a plaintiff to sue on
his judgment, and the presentment of the judgment for
allowance as a demand against the estate of the defend-
ant, is a suit on the judgment, and in that proceeding the
representative of the estate may make the same defense
against the allowance, as might have been interposed in a
proceeding by *sci. fa.* to revive the judgment.    In *Corby v.
Tracy*, 62 Mo. 514, the principal question in the case at bar
was not determined, although it was presented by the rec-
ord.    The motion to quash the execution was not embodied
in the bill of exceptions, and it was held that, under pre-
vious decisions, it could not, therefore, be considered, and
for that reason the judgment was affirmed.

All concurring, the judgment of the circuit court is
reversed and the cause remanded.