CHARLES TRACY, Respondent, v. ISAAC WHITSETT, Appellant.

| 51 | 149 |
| 83 | 231 |

Kansas City Court of Appeals, November 14, 1892.

1. **Justices' Courts:** EXECUTION ON TRANSCRIPT: NON-RESIDENT OF COUNTY: STATUTE CONSTRUED. Section 6287, Revised Statutes, 1889, requires an execution shall be issued by the justice before one is issued by the circuit clerk on the transcript of the judgment, in cases where the defendant resides in the county at the time of issuing the execution; but when the defendant does not at such time reside in the county it is of no importance that he did reside there at the time of obtaining or reviving the judgment, or that no execution had formerly issued from the justice.

2. ———: JUDGMENT: LIMITATION: TRANSCRIPT: EXECUTION: LIEN: STATUTES CONSTRUED. A justice's judgment may be revived at any time within twenty years, and a transcript may be filed in the circuit clerk's office within three years, and an execution may issue on the transcript at any time within ten years from the date of such filing as if the judgment had been rendered by the circuit court on such date, though the lien would expire within three years. (Revised Statutes, 1889, secs. 6020, 6287, 6296.)

*Appeal from the LaFayette Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*Isaac W. Whitsett* and *William Aull*, for appellant.

(1) The appellant at the time of the rendition of the judgment by the justice of the peace, and the revival thereof, was a resident of LaFayette county, and the execution from the office of the clerk of the circuit court could not issue until the return *"nulla bona"* of an execution from the court of the justice of the peace. *Jordan v. Surghnor*, 107 Mo. 520; Revised Statutes, 1889, sec. 6287; *Burke v. Miller*, 46 Mo. 258; *Marks v. Hardy*, 85 Mo. 232; *Johnson v. Latta*, 84 Mo. 139; *Dillon v. Rash*, 27 Mo. 243. There was no such return nor any return of any execution in this cause. *Johnson*

*v. Latta*, 84 Mo. 139; *Nelson v. Brown*, 23 Mo. 13. (2) After the filing of the transcript of the original judgment by the justice of the peace in the office of the clerk of the circuit court the same became a judgment of the circuit court to be revived and carried into effect in the same manner and with like effect as judgments of the circuit court. Revised Statutes, 1889, sec. 6287. Such judgment may be revived by the justice and his certificate filed with the circuit clerk and the lien continue on the real estate. Revised Statutes, 1889, sec. 6288. If the transcript of the original judgment is filed with the circuit clerk, and it is to be revived and carried into effect in the same manner and with like effect as judgments of the circuit court, executions thereon cannot issue after the lapse of ten years. Revised Statutes, 1889, sec. 6020; *George v. Middough*, 62 Mo. 549; *Corby v. Tracy*, 62 Mo. 511; *Hockaday v. Lawther*, 17 Mo. App. 636. And the revival by the circuit court as well as the justice to create a lien upon real estate must be in ten years. Revised Statutes, 1889, sec. 6013. There was no such revival of the judgment in this cause. (3) There was never a valid execution issued in the court of the justice of the peace. Revised Statutes, 1889, sec. 6305. (4) Filing affidavit on July 26, 1886, and issuing citation on which judgment was revived by the justice on January 26, 1887, is not a compliance with the statute. Revised Statutes, 1889, sec. 6292. The motion to quash the execution should have been sustained. See points and authorities, *supra*.

*Timothy Chandler* and *Wm. B. Wilson*, for respondent.

(1) The judgment rendered in June, 1872, by Justice FERRELL was regularly revived before Justice

CHINN (who was the successor in office of said FER-
RELL) on January 26, 1887. A judgment of justice
of the peace may be revived after the lapse of ten years.
Revised Statutes, 1889, sec. 6295; *Humphreys v. Lundy*,
37 Mo. 320; *Corby v. Tracy*, 62 Mo. 511; *Bauer v.
Miller*, 16 Mo. App. 252. (2) The revived judgment
had from its entry "the same force and effect in all
respects as the original judgment." Revised Statutes,
1889, sec. 6295. (3) The transcript of the judgment
of revivor having been filed in the office of the circuit
clerk within three years from date of revivor, the limit-
ation of section 6290, Revised Statutes, 1889, has no
application to the execution issued from the circuit
court, which is attacked in this proceeding. *Carpenter
v. King*, 42 Mo. 219; *Pears v. Goff*, 76 Mo. 92. (4)
Appellant being (as shown by his own testimony) a
non-resident of LaFayette county at the time of the
issuance of the execution from the circuit court of such
county, it was not necessary that an execution should
have first been issued by the justice of the peace and
returned *nulla bona*. Revised Statutes, 1889, sec. 6287;
*Sachse v. Clingingsmith*, 97 Mo. 406; *Jordan v. Surgh-
nor*, 107 Mo. 520.

ELLISON, J.—Judgment was rendered against
defendant before a justice of the peace of LaFayette
county on June 1, 1872, and execution issued thereon
on that day. June 24, a transcript of this judgment
was filed with the circuit clerk of the county. More
than ten years thereafter, on July 26, 1886, application
was made in the justice's court to revive said judgment.
An affidavit was filed, as required by section 6291,
Revised Statutes, 1889, and a citation to defendant
issued thereon. Matters were then delayed by a writ
of prohibition until such writ was quashed, when on
January 26, 1887, the judgment was revived, and execu-

tion issued thereon to the constable. The constable's return did not show when he made it, but did say that he had made search and found no property of defendant. A transcript of this revived judgment was filed with the circuit clerk May 2, 1887. Execution issued on this revived judgment from the office of the clerk of the circuit court of said LaFayette county, directed to the sheriff of Pettis county, December 21, 1891. A motion to quash this execution was made in the circuit court of the former county, which being overruled defendant appeals.

It is important to state that, at the time the execution in controversy was issued, the defendant was not a resident of LaFayette county. It is contended by defendant that before the issuance of the execution in controversy there should have been one issued from the justice of the peace and returned *nulla bona*. The statute on this subject is as follows: "Sec. 6287. * * * But no execution shall be sued out of the court where the transcript is filed, if the defendant is a resident of the county, until an execution shall have been issued by the justice, directed to the constable of the township in which the defendant resides, if there be one in such township, and, if not, to any constable in the county, and returned that the defendant had no goods or chattels whereof to levy the same."

The proper construction of this statute is, that there shall first be an execution from the justice of the peace before one is issued by the circuit clerk, in cases where the defendant is a resident of the county at the time of *issuing the execution*. In this case defendant at that time was not residing in LaFayette county, and the fact that he had resided there when the judgment was originally obtained, or when revived, is of no importance. Nothing in the cases of *Sachse v. Clingingsmith*, 97 Mo. 406, and *Jordan v. Surghnor*, 107 Mo.

520, is contrary to this interpretation. So far as concerns this execution, since it was issued long after defendant had removed from LaFayette county, it was of no importance whether any execution had formerly issued from the justice of the peace.

II More than ten years intervened between the original rendition of the judgment and the revivor, but, as it was within twenty years, it was sufficient under section 6296. Formerly there was no limitation prescribed as to the revival of such judgments (*Humphreys v. Lundy*, 37 Mo. 320), but now a limit of twenty years has been enacted. So the filing of the transcript in this case was within three years after the judgment was revived before the justice, thus bringing the case in harmony with the ruling in *Pears v. Goff*, 76 Mo. 92. It is true that it was more than three years from the date of reviving the judgment before the justice when the execution issued from the clerk's office; but this does not hurt the execution, as under section 6287, Revised Statutes, 1889, in our opinion, when the transcript is properly filed the judgment will support an execution the same as if it had been rendered by the circuit court at the date of filing the transcript, and an execution could, therefore, issue at any time within ten years, though the lien would expire in three years.

When a justice's judgment is revived before him a transcript thereof may be filed with the circuit clerk at any time within three years (*Pears v. Goff*, *supra*), and when it is so filed it becomes as a judgment of the circuit court, its life and efficacy being the same. Its lien will run three years from the date of filing the transcript, and an execution may be issued any time within ten years from filing such transcript as provided in section 6020 for regular circuit court judgments. The transcript in this case was filed in the clerk's office

in less than three years from the revival, and the execution was issued within ten years, and was, therefore, properly issued. It was decided long ago that the limitation of three years prescribed by the statute, in which an execution could be issued on the justice's judgment, only applied to an execution from the justice. *Carpenter v. King*, 42 Mo. 219.

Other suggestions made against the judgment are not considered tenable, and the judgment is, therefore, affirmed. All concur.