A. F. Pierce, Respondent, v. James D. Davidson, Appellant.

Kansas City Court of Appeals, April 30, 1894.

Judgments: of justice of the peace: limitation: kansas statutes: court of record. The judgment of a justice of the peace does not on filing a transcript in the district court, become, under the statutes of Kansas, a judgment of such district court, but still remains a judgment of the justice; and on suit upon such judgment in Missouri a plea of the five years' statute of limitation is a good defense.

*Appeal from the Jackson Circuit Court.*—Hon. Ed. L. Scarritt, Judge.

Reversed.

*J. G. Paxton* for appellant.

(1) The cause of action being once barred was forever barred. Judgment was rendered May, 1885, and transcript filed April 8, 1892. If judgment of justice was barred in five years, it was barred May, 1890, and the bar could only be removed by a voluntary waiver on the part of defendant (12 Encyclopedia of Law, 697, 704; *Campbell v. Holt*, 115 U. S. 620; Wood on Limitation, p. 26), the weight of

Pierce v. Davidson.

authority being that not even a statute can change the period of limitation so as to affect claims already barred. 13 Encyclopedia of Law, p. 696. (2) The judgment sued on was not a judgment of a court of record. *Coomes v. Moore*, 57 Mo. 338, which decides that a judgment of a justice of the peace is barred in five years, bases its decree upon section 6775, Revised Statutes, 1889, which provides for a five year period, except for judgments of courts of record. A judgment is a judgment of a court of record when it is pronounced by a court of record. Freeman on Judgments, sec. 517. "Words and phrases shall be taken in their ordinary and usual sense." R. S. 1889, sec. 6570; Wood on Limitation, sec. 3424. The language of ELLISON, J., in *Tracy v. Whitsett*, 51 Mo. App. 149, is not in the slightest degree in conflict with the above. (3) None of the Kansas statutes placed in evidence by plaintiff declare that the degree and character of the judgment are changed by the filing of the transcript. They are the same substantially as the Missouri statutes. The statement of the court in *Rahm v. Soper*, 28 Kan. 539, that the judgment of the justice on filing the transcript becomes vested with the same powers as though originally rendered in the district court, does not declare that it became a judgment of a court of record. The dignity of the court rendering the judgment, determines the standing of the same in other jurisdictions, and no act of the Kansas legislature, except an act declaring justice courts courts of record, could affect the standing of judgments of such courts in other jurisdictions. The question as to whether a judgment of a justice becomes a judgment of a court of record, by reason of the filing of a transcript, is decided in *Corrigan v. Morris*, 43 Mo. App. 459. See, also, the cases directly in point: *Dieffenbach v. Roch*, 112 N. Y. 621; *Harris v. Clark*, 65 Hun, 361.

*Meservey, Pierce & German* for respondent.

(1) Even if the supreme court of Kansas had not passed on the question, it would seem plain that the effect of the filing of the transcript of the justice in the district court, is to vacate the judgment of the justice and makes it thereafter a judgment of the district court. But the supreme court of the state of Kansas in construing these statutes, has held that the filing of the transcript vacates the judgment of the justice, and makes it a judgment of the district court. *Treptow v. Buse*, 10 Kan. 170; *Rahm v. Soper*, 28 Kan. 529. (2) The judgment having become, by due process of law, under the Kansas laws, a judgment of the district court of Wyandotte county, Kansas, it matters not whether the statute of limitation began to run on the eighth day of April, 1892, when the transcript was filed in the district court, or on the fifth day of May, 1885, when the first judgment was obtained before the justice; for, it being a judgment of a court of record, the statute of limitation would extend for twenty years. R. S. 1889, sec. 6796.

ELLISON, J.—This action is founded upon a judgment originally rendered by a justice of the peace in the state of Kansas on the fifteenth day of May, 1885. On the eighth day of April, 1892, a transcript of such judgment was filed in the district court of the state of Kansas, a court of record. This suit is based on a duly authenticated copy of the judgment as it appears in the latter court. Defendant pleaded the five years clause of our statute of limitations in bar of the action. R. S. 1889, sec. 6775. The judgment of the trial court was for plaintiff.

The sole question relates to the defendant's plea of the statute of limitations. It has been expressly decided

in this state that the five year clause of our statute applied to and barred a judgment rendered by a justice of the peace of another state. *Cooms v. Moore*, 57 Mo. 338. The plaintiff's contention is that since he filed a transcript of the judgment of the justice of the peace in the district court it *ipso facto* became a judgment of the latter court and which being a court of record the judgment was a judgment of a court of record to which the twenty year clause of the statute of limitations applies. R. S. 1889, sec. 6796. The statute of Kansas provides for the filing of a transcript of judgment rendered by a justice of the peace and that when filed the clerk shall "enter the case on the appearance docket, together with the amount of the judgment, and time of filing transcript, and shall also enter the same on the judgment docket, as in case of a judgment rendered in the court of which he is a clerk." Section 4618 provides that such judgment "Shall be a lien upon the real estate of the judgment debtor, from the day of filing the transcript, in the same manner and to the same extent as if the judgment had been rendered in the district court." Section 4619 provides that execution may be issued in the same manner as if the judgment had been taken in court, and the proceedings under the execution shall be the same "as in other cases." Section 4621 provides that if such judgment become dormant, etc., it may be revived in the same manner as other judgments in the district court.

The effect of these statutes is simply to add to the force and effect of the judgment of the justice. They widen its comprehension but do not make it the judgment of the district court. In the first place it is entered on the judgment docket of the district court in the manner a judgment of that court is entered. It is then declared to be a lien on real estate in the same manner and to the same extent as if it had been a judg-

ment rendered by the district court. And that execution could be issued out of that court in the same manner as if the judgment had been taken in that court. These provisions instead of attempting to metamorphose a judgment of a justice of the peace court into a judgment of the district court, continually distinguish between the two, by recognizing the judgment as a judgment of the justice which is being clothed with certain additional forces which are possessed by the judgment of a district court. The judgment of the justice of the peace before a transcript is filed, has many of the qualities of a judgment of a court of record. By filing a transcript of the justice's judgment the statute adds other qualities to it, but it remains the same judgment of a justice of the peace. Its vitality is governed by the law relating to justices of the peace. That is to say, if illegal in its rendition, as a judgment of a justice of the peace, it is equally illegal when filed in a court of record. *Corrigan v. Morris*, 43 Mo. App. 456.

It seems that in the state of Kansas, filing a transcript of such a judgment has been construed to have the effect of transferring the judgment to the district court so that execution thereon can not afterwards be had from the justice, *Rahm v. Soper*, 28 Kan. 529, but this by no means amounts to an assertion that the judgment is the judgment of the district court, but rather that the fruits of the judgment of the justice of the peace shall be gathered through the process of the district court.

Our statute declares that a judgment rendered by a justice of the peace shall be barred, unless suit be instituted thereon within five years after the cause of action shall have accrued. *Cooms v. Moore, supra.* The cause of action accrued on this judgment on the day it was rendered by the justice, and we are at a loss to under-

stand how the filing of a transcript of that judgment can arrest the running of the statute, or how it can have the effect of throwing the judgment under a different and more extended period of limitation.

By the express terms of the Kansas statutes which we have noted above, the judgment of the justice of the peace, upon a transcript thereof being filed in the district court would support an execution thereon from the district court and the execution would be governed by the same procedure as on judgments rendered in the district court. On a similar statute in Arkansas, to which plaintiff calls our attention, it was held that the period of time in which an *execution* might issue on judgments of courts of record would apply to an execution issued on a transcript judgment from a justice of the peace and that the period would run from the time the transcript was filed. *Burr v. Engles*, 24 Ark. 283. (See, also, *Carpenter v. King*, 42 Mo. 219.) But this is the effect of the express provision of the statute governing the procedure to be had upon a judgment. Furthermore, these considerations do not touch the question presented by defendant's appeal, which relate to the limitation upon the judgment itself.

The cases of *Dieffenboch v. Roch*, 112 N. Y. 621 and *Harris v. Clark*, 65 Hun, 361, are authorities in point. In the former case it is shown that the statute of limitations read "rendered in a court not of record." But a judgment *rendered in* a court is no more than a judgment rendered *by* a court; and either expression means, in the absence of a statute giving other meaning, that it is the judgment *of* a court. As shown in that case, the statute of New York reads that after filing a transcript from the justice "thenceforth the judgment is deemed the judgment of the county court of the county and must be enforced accordingly," thus coming nearer than in Kansas to a statutory declaration that it was a

judgment of the court in which it was filed. Yet that court said that "after a justice's judgment has been docketed in the county clerk's office, it becomes a mere statutory judgment of the county court. It is not in fact a judgment of that court. There has been no judicial action there, and no judgment has been, in fact, entered or rendered. It is simply to be *deemed* a judgment of that court. Such a judgment has not been twice rendered, once in the justice's court and once in the county court; and as it may be docketed in all the counties of the state, it certainly can not be deemed to have been rendered in every county where it has been docketed."

The foregoing views lead to a reversal of the judgment and it is so ordered. All concur.