S. J. LONG & SON, Appellants, v. H. N. THORMOND et al., Respondents.

St. Louis Court of Appeals, February 13, 1900.

1. **Justice's Judgment: SCIRE FACIAS TO REVIVE: NONRESI-DENT DEFENDANT.** A writ of *scire facias* to revive a justice's judgment upon the affidavit of plaintiff's attorney was issued, service thereof on defendant Pickles and a *non est* return as to the other and only defendant Thormond, he having been discharged from the judgment on payment of his part: *Held,* that the judgment should be revived against defendant Pickles and this proceeding for that purpose, was properly instituted.

2. ———: ———: **SAME SUIT CONTINUED.** A proceeding to revive a judgment by *scire facias* is not an independent suit, but is only a continuation of a former suit, and is in no way affected by the five years' statute of limitations.

3. ———: ———: **LIMITATION.** Formerly there was no limitation upon the right to revive a justice's judgment by *scire facias;* afterwards it was required to be done in twenty years, and now the time of revival of all judgments, is limited to ten years.

Appeal from the Franklin Circuit Court.—*Hon. Rudolph Hirzel,* Judge.

REVERSED AND REMANDED.

*A. W. Maupin* and *James Booth* for appellants.

(1) The error complained of on this appeal is the action of the trial court in sustaining defendant Pickles' motion to dismiss. This is a proceeding under section 6291, Revised Statutes of Missouri 1899, to revive a judgment. Long before the commencement of this proceeding, one of the de-

fendants paid half the judgment and was discharged, and this is a proceeding against the remaining defendant to revive the remainder of said judgment. The section above cited prescribes the necessary allegations of the complaint, which in this case contains all the necessary allegations. The proceeding was first instituted before a justice, where great liberality is allowed in pleadings. 2 Pattison's Complete Mo. Dig., paragraph 215, page 2053. (2) The trial court rendered a judgment sustaining defendant Pickles' motion to dismiss because defendant Thormond was not served with process, and that the trial court had acquired no jurisdiction of his person. In the case of Badger Lumber Co. v. McColgin, 63 Mo. App. 470, plaintiff recovered a joint judgment against defendant and his wife; the judgment was entered satisfied as to the wife. Plaintiff had execution issued against the other defendant. Defendant moved to quash, on the ground that the entry of satisfaction satisfied the judgment as to him as well as his codefendant. The trial court sustained his motion and plaintiff appealed. The appellate court affirmed the judgment on the ground that the entire judgment was paid. But the court intimated very strongly that the entry of satisfaction as to one codefendant would not bar execution as to the other. The following is the closing language of that opinion: "Plaintiff's principal point here is based upon section 2392, Revised Statutes 1899, wherein it is enacted that a creditor may release one joint-debtor for any sum which he may see fit, without impairing his right to demand and collect the balance of such indebtedness from the other debtor, but if plaintiffs received from one debtor the full amount of the indebtedness, there would not be any balance remaining to collect from the other debtor. The court may have found that plaintiffs dealt with Mrs. McColgin as to the whole debt."

*Charles F. Gallenkamp* and *John W. Booth* for respondent.

This is a proceeding under the statute, 2 Revised Statute of 1889, p. 1485, secs. 6291, 6292 and 6293 and·as the case stands on the record, the affirmance or reversal of the judgment of the circuit court, depends simply upon whether or not in proceedings under the said statutes such a judgment can be revived against one only of the defendants in a judgment rendered originally against two defendants. It appears by the record in this case that the judgment sought to be revived was rendered against H. N. Thormond and Julian Pickles, and that, prior to the filing of the affidavit for the revival of the judgment, plaintiffs therein released H. N. Thormond from all liability for the balance then due on the judgment; and they here seek to revive it against Pickles only, Thormond not being a party to the proceeding. It further appears by the record that the justice's judgment, sought to be revived was rendered on the twenty-eighth of February, 1885, and that the only payment ever made on it, was made on the twentieth of September, 1887, and that the affidavit for the revival of said judgment was filed with the justice on the first of May, 1898, more than ten years after the rendition of the judgment. The statute of limitations, section 6775, Revised Statutes of 1889, has, so far as applicable to judgments of justices of the peace, existed without change since the revision of 1845. See R. S. 1845, pp. 716, 717; 2 R. S. 1855, p. 1048, sec. 3; R. S. 1865, p. 747, sec. 10; 1 R. S. 1879, p. 547, sec. 3230. In the case of Corby v. Tracy, 62 Mo. 511, 514, it is said that in Humphreys v. Lundy, and in Sublett v. Nelson, it was held, "that a *scire facias* under the code to revive a justice's judgment may issue after the lapse of ten years, and that the statute of limitations applies

only to judgments of a court of record." Where (as here) the judgment sought to be revived is a judgment against two, the writ of *scire facias* must go against both, and if abated as to one, must be discontinued as to all. Simpson v. Watson, 15 Mo. App. 425. "All parties to the original judgment must be made parties to the writ of *scire facias*; the plaintiff can not drop one and proceed against the others." 21 Am. and Eng. Ency. of Law [1 Ed.], p. 859.

BOND, J.—This is a *scire facias* to revive a justice's judgment upon the affidavit of plaintiffs' attorney, filed with the successor of the justice who rendered the original judgment. The writ was issued on May 1, 1898, citing the two defendants to appear on the twenty-first of said month, and show cause why the judgment should not be revived. The return of the officer shows service upon defendant Pickles and a *non est* as to defendant Thormond. The proceedings were dismissed on motion in the justice's court, and an appeal taken to the circuit court, where on a trial of the motion to dismiss the writ, it appeared from the evidence filed in support, that the original judgment had been obtained on the twenty-eighth of February, 1885; that a transcript was filed in the circuit court of Franklin county, after which about one-half of the judgment was paid by defendant Thormond, who was thereupon released and discharged from any further liability on said judgment. It was further shown by the affidavit of plaintiff's attorney that at the time of the beginning of this proceeding. and ever since, said Thormond has been a resident of the state of Arkansas. The motion to dismiss specified only the following grounds, to wit:

"Because this is a proceeding to revive a judgment rendered by a justice of the peace against H. N. Thormond and Julian Pickles, jointly, and this proceeding is here prosecuted only against said Pickles, and said Thormond has not

been summoned as a defendant, and in this action the court has not acquired jurisdiction of the person of said Thormond."

The circuit court sustained this motion, and plaintiff appealed.

The ruling of the lower court was manifestly erroneous.

This was not an independent suit brought upon a justice's judgment as a cause of action.    On the contrary, as stated in Coomes v. Moore, 57 Mo. 338, it "is only the continuation of a former suit and not an original proceeding," hence it is not the commencement of an action to which the statute of limitations of five years can be applied.    This essential distinction between the revival of a judgment by *scire facias* and the institution of a suit upon the judgment for the recovery of another judgment, is well settled.    The general statute of limitations applicable to original actions have no application whatever to a *scire facias* to revive a justice's judgment under our statutes, which is governed exclusively by the special statutes limiting the time within which such revivors may be had under the statutory proceedings prescribed for that purpose.    At first there was no limitation upon the right to revive a justice's judgment by *scire facias*. Subsequently it might be done in twenty years, which was the rule in 1885, when the original judgment in this case was obtained; henceforth the limitation is ten years. R. S. 1889, sec. 4028; R. S. 1889, sec. 6296; Humphreys v. Lundy, 37 Mo. 320; Sublett v. Nelson, 38 Mo. 487; Coomes v. Moore, *supra*; Corby v. Tracy, 62 Mo. 511; Kincaid v. Griffith, 64 Mo. App. 672; Sutton v. Cole, 73 Mo. App. 518; Tracy v. Whitsett, 51 Mo. App. 149; Cranor v. School District, 52 S. W. Rep. 232; Armstrong v. Crooks, 83 Mo. App. 141. Hence there is no merit in the contention in respondent's brief that the statute of limitations of five years applied to the present proceeding, even if the question could be raised

here for the first time, no objection on that ground having been made in the motion to dismiss in the trial court. Neither is there any force in his motion to dismiss the present proceeding because the citation was not served upon Thormond, one of the defendants in the judgment sought to be revived. As the record shows that he was not within the jurisdiction of the court, service upon him would not have been required even at common law. McElroy v. Ford, this court, unreported. But the record also shows that he was discharged by the plaintiff in the judgment from any further liability thereon. This rendered it impossible to revive the judgment against him, but it in no wise affected the right of plaintiff to enforce the unpaid portion of the judgment against the other defendant. R. S. 1899, sec. 897. The present proceeding is simply one adapted to that purpose, and hence under the facts in this record was properly instituted. The judgment of the circuit court dismissing it will therefore be reversed and the cause remanded, to be proceeded with in conformity with this opinion.

Judge *Biggs* regards the "discussion in this opinion as to the statute of limitations as *dicta* and dissents from it," but concurs in the view that Thormond was not a necessary party to the *scire facias*. Judge *Bland* concurs in the opinion.