J. B. BICK, Appellant, v. HOWARD MADDOX, Respondent.

**St. Louis Court of Appeals, January 29, 1901.**

Justice's Court: JUDGMENT: EXECUTION: TRANSCRIPT: REVIVAL OF JUDGMENT: PRACTICE AND PROCEEDINGS: SCIRE FACIAS. After the lapse of three years from the rendition of a judgment in a justice's court, no execution can be issued upon it, until revived on a scire facias proceeding; and until revived the transcript of such judgment can not be filed in the office of the clerk of the circuit court of the county, by the plaintiff after a lapse of three years.

Appeal from Ralls Circuit Court.—*Hon D. H. Eby* Judge.

AFFIRMED.

*R. B. Bristow* for appellant.

GOODE, J.—On the nineteenth day of January, 1900, the appellant caused a general execution to be issued from the office of the clerk of the circuit court of Ralls county on a transcript of a judgment of a justice of the peace, George H. Engle, in a case wherein said J. J. Bick was plaintiff and Howard Maddox defendant, which judgment was rendered on the twenty-sixth day of August, 1885. There was a judgment by the said justice of the peace reviving said original judgment June 5, 1895, and an execution was issued thereon by the justice on June 6, 1895, and returned *nulla bona* September 4, 1895. On the sixteenth day of January, 1900, a transcript

of the judgment of revivor was filed in the office of the clerk of the circuit court of said county and duly recorded. It was on this transcript that the execution in question was sued out. A motion to quash was filed by defendant, sustained, and appeal taken from the order quashing it to this court.

We have not been favored with a brief on the part of the respondent, but it is apparent from the foregoing recital of the facts that the transcript of the judgment reviving the original judgment was not filed in the circuit clerk's office until more than three years after the judgment of revivor had been rendered by the justice, and the question for consideration is whether the transcript filed that late was sufficient to authorize an execution. This precise point was determined by the Supreme Court of this State in the case of Pears v. Goff, 76 Mo. 92. There Pears had obtained a judgment against Goff in April, 1861, and had an execution issued which was returned *nulla bona* within three years. On the thirtieth day of September, 1878, he procured a transcript of the judgment, filed it in the office of the clerk of the circuit court, an execution was issued thereon which the defendant moved to quash. The trial court overruled the motion and an appeal was taken. In disposing of this case the opinion says: "After the lapse of three years from the rendition of a judgment in a justice's court, no execution can be issued upon it, until revived on a *scire facias* proceeding; and until revived the transcript of such a judgment can not be filed in the office of the clerk of the circuit court of the county, by the plaintiff, after the lapse of three years. This seems to be the evident meaning of the section of the statute on this subject. After the lapse of three years, no execution can issue from the justice's court on such judgment. The plaintiff, before he can have it revived, is required to make an affidavit stating that no part of the judgment has been paid, and in that proceeding,

the defendant may come in and contest plaintiff's right to have it revived; and yet it is contended that after the lapse of three (in this case seventeen) years, without reviving the judgment the plaintiff may file his transcript, and, without more, have a lien upon defendant's lands, and a general execution against his property." Under this authority the judgment of the court below is affirmed.