## BICK, Appellant, v. BOYD, Respondent.

St. Louis Court of Appeals, March 19, 1907.

JUDGMENTS: Revival: Justices of the Peace. Where the transcript of a judgment rendered before a justice of the peace was not filed in the office of the clerk of the circuit court until nearly five years after the date of the judgment, of which there had been no previous revival, the judgment plaintiff could not maintain in the circuit court an action to revive such judgment.

Appeal from Ralls Circuit Court.—*Hon. David H. Eby,* Judge.

AFFIRMED.

*Thomas P. Bashaw* for appellant.

*James P. Boyd* for respondent.

After the lapse of three years from the rendition of the judgment, until revived on *scire facias* proceeding transcript of such judgment cannot be filed in the office of the clerk of the circuit court of the county, by plaintiff. Pears v. Goff, 76 Mo. 92; Bick v. Maddox, 87 Mo. App. 30.

GOODE, J.—Appellant obtained judgment against respondent before a justice of the peace on June 5, 1895. The next day an execution was issued on the judgment and in due season was returned *nulla bona.* On March 5, 1900, nearly five years after the judgment had been rendered, appellant caused a certified transcript of it to be filed in the office of the clerk of the circuit court of Ralls county, the county in which the judgment had been obtained. Three years later (1903) appellant filed a petition in the circuit court of said county, asking that the judgment be revived. On the trial in the circuit court appellant offered in evidence the certified transcript of the justice's judgment on file in the office of the circuit clerk, testified that the judgment never had been paid, and rested. Thereupon the court sustained a demurrer to said evidence and this appeal was taken. It was pointedly decided by the Supreme Court in Pears v. Goff, 76 Mo. 92, that a transcript of a justice's judgment cannot be filed, with any efficacy, in the office of the clerk of the circuit court more than three years after the rendition of the judgment without first reviving it. After three years, unless the judgment is revived, it is described as "dormant—in a state of suspended animation." According to the opinion in the case cited, nothing can be done toward enforcing the judgment of the justice while it is in that State, either by taking a transcript to the office of the circuit clerk, or by issuing an

execution on it.   There is an express statutory provision that an execution cannot be issued by the justice after three years without revival.   [R. S. 1899, sec. 4022.] However, it has been decided that execution may issue on the transcript in the office of the circuit clerk more than three years after the rendition of the judgment without having it revived.   [Carpenter v. King, 42 Mo. 219.]   In said case, though the execution was issued from the office of the circuit clerk more than three years after the date of the judgment, it appeared the transcript of the judgment had been filed in the clerk's office within three years.   To reconcile that decision with what is said in Pears v. Goff, it is necessary to hold that, though an execution may be issued from the office of the clerk of the circuit court on the transcript of a justice's judgment, more than three years from the date of the judgment and without its revival, this only can be done when the transcript was filed within three years.   The attempt in the present case is to revive the judgment by a proceeding in the circuit court, which, indeed, is permissible under appropriate conditions.   [Carpenter v. King, supra.]   But in Pears v. Goff, it is said the transcript must be filed within three years or the judgment creditor is not allowed either to file it or issue an execution to enforce the judgment, until it is first revived by the justice.   Now, as the transcript of this judgment was not filed in the office of the clerk until nearly five years after the date of the judgment, and as there had been no previous revival by the justice, it would follow, according to the opinion in Pears v. Goff, that a suit in the circuit court on the transcript and for the purpose of reviving and renewing the judgment there, cannot be maintained.

The judgment of the circuit court is affirmed.   All concur.