McDonald v. Frost.

---

McDONALD, *Plaintiff in Error* v. FROST *et al.*

1. **Judgments.** Error or irregularity in a judgment does not affect its validity in a collateral proceeding.

2. **Presumptions:** COURTS. The presumption *omnia rite acta* applies to the action of courts as of other officials.

3. **Judgments.** In determining the effect of a judgment it is permissible to consider the antecedent record.

4. **Mortgages:** JUDGMENTS. Where it appears from the entire record that a judgment was intended as a special one for foreclosure, and, when so construed, is consistent and regular throughout, it will be treated as such, though the entry omits some of the usual formal recitals.

5. **Practice:** CONSTRUCTION OF RECORDS. In construing records courts should give effect to their substance rather than mere form.

*Error to Barry Circuit Court.*—HON. W. F. GEIGER, Judge.

REVERSED AND REMANDED.

THIS is an action of ejectment. The conflicting titles trace to Dempsy Summers as the common source. The trial court excluded a sheriff's deed offered by plaintiff, as part of his chain of conveyances, thereby compelling him to take a nonsuit with leave. After the usual steps he brings error.

The deed referred to is based on a judgment, the essential parts of which are as follows: "Ludwig Ullman and Charles H. Dyer, plaintiffs, *vs.* William Davis, George H. Holt, John T. Johnson, Joseph A. Young and O. D. Harbert, public administrator of Barry county, having charge of the estate of Dempsy Summers, defendants. Final decree and judgment. Now at this day comes on to be heard the above entitled cause, and the defendants Davis, Johnson, Young and Harbert having filed their answers herein, whereby it appears that the facts as stated in plaintiff's petition are true, and it further appearing that the said defendant Holt has corrected the mistake by deed executed and delivered since the commencement of this suit, it is ordered by the court that this suit be dismissed as to the defendant Holt, and it further appearing to the court that the defendant William A. Davis on the sixth day of March, A. D. 1871, granted, bargained and sold to George H. Holt the following real estate situate in Barry county, Missouri, to-wit:" (Here follows description of the tract of land); "but, by mistake of said Davis and Holt, said Davis conveyed to said Holt the following real estate, to-wit:" (Here follows another description); "that afterward, to-wit, on the sixth day of June, 1872, said defendant Holt granted, bargained and sold said real estate first described to Joseph A. Young, but, by mutual mistake of said Young and Holt, said Holt conveyed to said Young the real estate last described; that on the nineteenth day of October, 1872, said defendant Young, granted, bargained and sold to

defendant John T. Johnson the real estate first described, but, by mutual mistake of said Young and Johnson, said Young conveyed the real estate last described, to said Johnson; that on the — day of October, 1872, defendant Johnson granted, bargained and sold to one Dempsy Summers the real estate first described, but by mutual mistake the said Johnson conveyed the real estate last described, and that on the twenty-sixth day of October, 1872, said Dempsy Summers and his wife Louisa Summers granted, bargained and sold defendant Joseph A. Young the real estate first described to secure the payment of a note executed by said Summers to said Young for the sum of fifteen hundred dollars, dated October 26, 1872, and due one year after date with interest from date at ten per cent. per annum, but by mutual mistake of said Young and Summers conveyed the land last aforesaid ; and the court doth further find that on the twenty-fourth day of April, 1873, said defendant Young transferred and delivered to plaintiffs said note, and that said plaintiffs are the legal owners thereof; and the court doth further find that said note is yet due, and that said Summers nor his administrator, said defendant Harbert, has not paid the same or any part thereof, or the interest thereon :

"It is therefore ordered, adjudged and decreed by the court that said mistake be corrected in said deeds, and the deeds be reformed to conform to the intention of the parties, and that the defendants, William Davis and John T. Johnson, be divested of the legal title of the real estate herein first described, and that the legal title thereof be vested in Joseph A. Young as mortgagee of said Dempsy Summers, and his wife; that plaintiff have judgment against said O. D. Harbert, administrator of said Dempsy Summers, deceased, for their debt for the sum of fifteen hundred dollars and damages for the sum of five hundred dollars, and that the equity of redemption in said real estate first aforesaid be sold,

and that this judgment bear interest at ten per cent. and that special execution issue."

The opinion states the other material facts.

*N. Gibbs* for plaintiff in error.

A court has authority, after final judgment, and, even after appeal, "to amend its records so that they should accurately express the history of the proceedings which actually occurred." *Exchange National Bank v. Allen*, 68 Mo. 474–476 ; *DeKalb County v. Hixon*, 44 Mo. 341. And, "where the court has jurisdiction of the parties and the subject-matter of a suit, its judgment and process thereunder, however erroneous or irregular, cannot be questioned in collateral proceedings, so as to defeat titles acquired thereby." *Yeoman v. Younger*, 83 Mo. 424 ; *Gates v. Johnson*, 87 Mo. 213–217–8 ; *Rosenheim v. Hartsock*, 90 Mo. 357–365 ; *Cromwell v. Bank of Pittsburg*, 2 Wall. Jr. 570–1, 580, 582–3 ; *Cloud v. Pierce City*, 86 Mo. 367–8–9 ; *Robertson v. Neal*, 60 Mo. 579–580.

*Thrasher, White & McCammon* for defendants in error.

The judgment of Ullman and Dyer *v.* O. D. Harbert, public administrator of Barry county, Missouri, in charge of the estate of Dempsy Summers, deceased, at most, was but a general judgment on a note against the estate of said deceased, and could only be enforced by allowance in the probate court of the proper county against the estate of said deceased, and the execution issued on said judgment, and the sale under same, were absolutely void. R. S., secs. 3297, 3301, 3302, 3306 ; *Gaston v. White*, 46 Mo. 486 ; *Lewis v. Chapman*, 59 Mo. 371 ; *Fithian v. Monks*, 43 Mo. 502 ; *Hardin v. McCanse*, 53 Mo. 255 ; *Wernecke v. Wood*, 58 Mo. 352 ; *Brown v. Woody*, 64 Mo. 547 ;

*Wernecke v. Kenyon*, 66 Mo. 275 ; *Thornton v. Pigg*, 24 Mo. 249 ; *Jackson v. McGruder*, 51 Mo. 55 ; *Marks v. Hardy*, 86 Mo. 232

BARCLAY, J.—The decisive question here is as to the legal effect of the judgment in the prior suit of Ullman *et al. v.* Davis *et al.*, and of the sale predicated thereon.

The proceedings in that cause were offered in evidence. They disclosed a petition to reform certain deeds in the particulars indicated in the decree, and to foreclose the mortgage mentioned therein.

All the defendants had answered, admitting the facts stated in the petition. Thereupon the decree was entered.

As that action was collateral to the present one, any mere error or irregularity in the former would not affect its validity. The defendants therein confessed the allegations of the petition. The decree recites that; and finds the facts necessarily establishing the mortgage as a charge on the land in question. It then adjudges the correction of the mistakes of description in the various conveyances, "enters judgment" against the mortgagor's administrator for the debt and damages and directs "that the equity of redemption in said real estate first aforesaid be sold, and that this judgment bear interest at ten per cent., and that special execution issue."

In event of doubt regarding the exact meaning of a judgment or decree, it is permissible to consider the antecedent record in determining its effect. The petition in the foreclosure suit states good causes of action ; first, for the correction of descriptions in the prior deeds and in the mortgage in question; and, secondly, for the foreclosure of the equity of redemption, and for the sale of the land to discharge the mortgage debt and interest.

Upon the personal appearance of defendants and their admission of the facts, the circuit court had undoubted jurisdiction to enter the decree prayed in the petition. Looking at the record in its entirety there is little doubt that the court intended to do so. The formal entry, however, omits certain language usually adopted to express such a purpose. The words wanting we will indicate by italics: "And that the equity of redemption in said real estate first aforesaid be *foreclosed and the said real estate* sold," etc.

Defendants claim that this omission gives the decree the effect only of a general judgment for the amount of the mortgage debt and deprives it of any force as a special judgment for the sale of the realty.

But in construing the action of courts, as of other officials, it is well to bear in mind the presumption that they have rightly acted, in the absence of any showing to the contrary. Here the order for special execution is correct if the decree be viewed as one of foreclosure and sale of the realty, while, on the other hand, it is entirely erroneous if the court intended its conclusion to be regarded as a mere general judgment for the mortgage debt and interest. The mortgagor being dead, his administrator was properly a defendant in either aspect of the case, but special execution for the "sale of the equity of redemption" might rightly issue against the latter to enforce a foreclosure decree, but not to enforce a general judgment (R. S. 1879, secs. 3301, 3307). Had the latter been intended by the court, no order for execution would have been entered, but only an order certifying the judgment to the proper probate court for classification as a demand against the estate (R. S. 1879, sec. 2360).

The informality here exhibited in the entry is of a kind that does not obscure the obvious effect and intent of the decree. Enough is expressed to disclose its purpose clearly.

Under our code of practice, we should always distinguish between mere form and substance ( R. S. 1879, sec. 3586). We consider that we do so in the present case by declaring this decree sufficient to support the sale upon the special execution issued under it.

The trial court ruled to the contrary. Its judgment is reversed, and the cause remanded for further proceedings in conformity to this opinion; all the judges concurring, except RAY, C. J., absent.