THOMAS J. SAPPINGTON, Respondent, v. CHARLES LENZ, Appellant.

St. Louis Court of Appeals, January 31, 1893.

1. **Justices' Courts:** JURISDICTION. The jurisdiction of a justice of the peace is sufficiently shown, if it appears from the entire record in the proceeding.

Sappington v. Lenz.

2. ———: ———: RETURN BY CONSTABLE OF SERVICE OF SUMMONS. When the jurisdiction of a justice of the peace is questioned, the constable's return of the service of the summons is admissible either in support of or in opposition to the entries on the docket of the justice.

3. ———: SERVICE OF SUMMONS. The requirement, that a summons issued by a justice of the peace shall be served at least ten days before the day of appearance mentioned therein, is satisfied by a service of ten days, computed in accordance with the statutory rule by excluding the first day, or the day of service, and including the last day, or the return day.

4. ———: CITATION TO REVIVE JUDGMENT. Likewise the requirement, that, in proceedings to revive a judgment rendered by a justice of the peace, the citation shall be returnable not less than ten days from the date of issue, is complied with when the citation is returnable in ten days computed in accordance with the said statutory rule.

5. ———: REVIVOR OF JUDGMENT: FORM OF ENTRY. The judgment of revivor in such a proceeding should simply declare that the judgment revived is still in force for the amount remaining unpaid thereon; it should not find the aggregate amount of principal and interest due on the judgment at the date of the revivor. However, when it does so, such additional finding will not invalidate it, but will be treated as surplusage.

6. Practice, Appellate: MOTION TO QUASH EXECUTION: OBJECTION FIRST RAISED IN APPELLATE COURT. This court will not, on appeal from the overruling of a motion to quash an execution, entertain an objection to the execution on the ground that it fails to properly follow the judgment, when such objection was not raised in the trial court.

7. Motion to Quash Execution: ERRORS REACHED THEREBY. Held, arguendo, that a motion to quash an execution, issued by a circuit court on the transcript of a judgment of a justice of the peace, is not a substitute for an appeal, and, therefore, will not reach errors and irregularities in the justice's court which are not jurisdictional in their nature.

*Appeal from the St. Louis County Circuit Court.*—HON. W. W. EDWARDS, Judge.

AFFIRMED.

*Walter F. McEntire* and *Chas. B. Stark,* for appellant.

(1) The transcript of the first or original judgment fails to show on its face the necessary facts to

confer jurisdiction on Justice Perry Sappington. Revised Statutes, 1879, sec. 2839; *Rohland v. Railroad*, 89 Mo. 180, 182; *Heath v. Railroad*, 83 Mo. 617, 624. (2) On the face of the transcript it affirmatively appears that the citation in the revivor proceedings was not served in the time required by the statute. Revised Statutes, 1889, secs. 6148, 6297. The rule of law is that, where an act is required to be done at least a given number of days before a fixed time, the ordinary rule of construction of excluding the first and including the last does not apply, but that both the first and the last days must be excluded. *Taylor v. McKnight*, 1 Mo. 120; *Dougherty v. Porter*, 18 Kan. 206; *Garvin v. Jennerson*, 20 Kan. 371; *Robinson v. Foster*, 12 Iowa, 186; *Queen v. Justice*, 8 A. & E. 173; *O'Connor v. Townes*, 1 Tex. 107; *State v. McLendon*, 1 Stew. (Ala.) 195; *Small v. Endrick*, 5 Wend. 537; *Turnpike Co. v. Haywood*, 10 Wend. 422; *Mitchell v. Foster*, 9 Dowl. 527; *Railroad v. Shropshire*, 8 A. & E. 173; *Beard v. Gray*, 3 Ch. Rep. 104; *Railroad v. Herfordshire*, 3 B. & Ald. 581. A summons returnable in less time than the law allows is absolutely void. *Williams v. Rains*, 10 Mo. 771; *Williams v. Bower*, 26 Mo. 601; *Johnson v. Baker*, 38 Ill. 98. *France v. Evan*, 90 Mo. 74. If the words "at least" and "before" could in any view be considered technical and to be understood according to their technical import, we cite the following authorities: *Roberts v. Willcock*, 8 Watts & Ser. 470; *Polk v. Lane*, 4 Yerg. 36; *Norton v. Town Clerk*, 4 C. & B. 37; *Queen v. Justices*, 8 A. & E. 173; *Mitchell v. Foster*, 12 A. & E. 472. (3) The justice in the revivor proceedings attempted to render a new judgment and for a larger amount than the original. A *scire facias* to revive a judgment is not an original proceeding, but is only a continuation of the old case,

and it is not competent to render a new judgment for an amount larger than the old judgment sought to be revived. *Humphrey v. Lundy*, 37 Mo. 320; *Coomes v. Moore*, 57 Mo. 338; *Weaver v. Boggs*, 38 Md. 255; *Brown v. Bird*, 10 Ark. 533; *Greer v. Bank*, 10 Ark. 455; *Evans v. White*, 12 Ark. 133; *McGill v. Perigo*, 9 Johns. Rep. 259; *Treasurer v. Foster*, 7 Vt. 52; *Barrow v. Bailey*, 5 Fla. 9–16, citing *Phillips v. Brown*, 6 Term Rep. 284; Freeman on Judgments, sec. 444; 2 Tidd, 1096; 2 Archbold's Practice, 86.

*John W. McElhinney*, for respondent.

(1) The recitals in the docket entries in the original suit and judgment are sufficient. The correct rule is that jurisdiction or the want of it must appear from the whole record. If any part of the record proper recites the facts necessary to show jurisdiction, it is sufficient. *State ex rel. v. Cauthorn*, 40 Mo. App. 94, 97–8; *Adams v. Cowles*, 95 Mo. 501, 507; *Gibson v. Vaughan*, 61 Mo. 418, 420; *Zimmerman v. Snowden*, 88 Mo. 218, 220; *Iba v. Railroad*, 45 Mo. 469, 475. (2) Service of citation on the twenty-eighth day of April to appear on the eighth day of May was service "at least ten days before the day of appearance." The rule of the statute is: "The time within which an act is to be done shall be computed by excluding the first day and including the last." 2 Revised Statutes, sec. 6570, p. 1542, subdiv. 4; *City of St. Louis to use v. Bambrick*, 41 Mo. App. 648, 650; *State ex rel. v. County Court*, 33 Mo. 102; *Deere, Mansur & Co. v. Hucht*, 32 Mo. App. 153; *Bailey v. Lubke*, 8 Mo. App. 57; *Littleton v. Christy's Adm'r*, 11 Mo. 390. There is nothing peculiar or unusual in the use of the words "at least"

and " before" in prescribing the number of days for service of process. See cases last above cited. The above is the generally accepted rule according to the best authority. *Bemis v. Leonard*, 118 Mass. 502, 506, 507; *Butler v. Fessenden*, 12 Cush. 78, 79; note to *Cressey v. Parks*, 46 Am. Rep. 410, *et seq.; Stebbins v. Anthony*, 5 Col. 348; *Forsythe v. Warren*, 52 Ill. 68; *Turnpike Co. v. Haywood*, 10 Wend. 422, 423-24; *Northrup v. Cooper*, 23 Kan. 432, 438; *Beckwith v. Douglas*, 25 Kan. 229, 231; *Walsh v. Boyle*, 30 Md. 262, 266. (3) The judgment of revival is in exact conformity to the statute. However, if the justice had included the accrued interest in his judgment, this might have been error, but would not have rendered the judgment void. *Bauer v. Miller*, 16 Mo. App. 252, 256, 257.

ROMBAUER, P. J.—The defendant appeals from an order of the circuit court refusing to quash an execution issued against him by that court. The execution was issued on the transcript of a judgment of revivor, rendered in 1891 upon *scire facias* by Justice Wm. H. Sappington, the judgment thus revived having been rendered by Justice Perry Sappington in 1880. The motion to quash was based upon the grounds, that the record failed to show that either Perry Sappington, who rendered the judgment in the first instance, or Wm. H. Sappington, who rendered the judgment of revivor, had jurisdiction of the defendant's person. The errors assigned correspond with the reasons assigned for quashing the execution, and in addition thereto the defendant now complains that the court erred in admitting illegal evidence against him on the hearing of the motion to quash, and that the form of the judgment entry of revivor, and the execution issued thereon, are unwarranted by law.

It appeared in evidence upon the motion to quash that the defendant did not appear either in the original action or in the action upon the *scire facias*, but that judgment in both cases was rendered against him by default. The defendant claims that, touching the original action, the record fails to show that Perry Sappington was a justice of the peace, and, if he was, that he acquired jurisdiction of the defendant's person, and that, in the proceedings for revivor, it clearly appears that the defendant was not served with summons at least ten days before the day on which he was required to appear, as required by sections 6148 and 6297 of the Revised Statutes of 1889.

The plaintiff gave in evidence the docket entry of the judgment made by Perry Sappington, and the docket entry of the revived judgment made by Wm. H. Sappington. These docket entries were certified to by Wm. H. Sappington, who described himself in the certificate as a justice of the peace within and for the township of Carondelet, in St. Louis county, and as Perry Sappington's successor in said office. The plaintiff also gave in evidence the original writ of summons issued by Perry Sappington, returnable October 2, 1880, and the constable's return thereon showing that he served the same on September 18, 1880, in Carondelet township, personally upon the defendant; also the writ of summons issued by Wm. H. Sappington (upon a statutory affidavit), returnable May 8, 1891, and the constable's return thereon to the effect that he served the defendant personally in Carondelet township, April 28, 1891. These docket entries and papers, when offered, were objected to *seriatim* as not showing that the two justices respectively had jurisdiction over the defendant's person. On well-settled rules, however, applicatory to the inquiry of determining such jurisdiction, they must

all be taken together in deciding that question, because they all together constitute but one record, and it is sufficient if jurisdiction appears from the entire record. *Adams v. Cowles*, 95 Mo. 501, 507; *State v. Schneider*, 47 Mo. App. 669, 676. Justice Wm. H. Sappington was the successor of Perry Sappington, and under the statute the legal custodian of the records of the latter. *Linderman v. Edson*, 25 Mo. 105; *Powers v. Braley*, 41 Mo. App. 556. Both being justices of Carondelet township, and the suit being one upon an account, they had jurisdiction of the defendant's person, if he was found within the township. Revised Statutes, 1879, sec. 2839; Revised Statutes, 1889, sec. 6126. That the defendant was found and served in the township, sufficiently appears by the constable's return in both cases. That such return is admissible either in support of, or in opposition to, the docket entries of the justice, is well settled. *Ruby v. Railroad*, 39 Mo. 480, 483, 484; *Waddell v. Williams*, 50 Mo. 216, 223.

It will be thus seen that, touching the jurisdiction of Justice Perry Sappington over the defendant's person, there can be no controversy. It appears that a writ of summons was issued by him, and served on the defendant personally in Carondelet township more than ten days before the return day of the writ. The defendant, however, contends that the writ issued by Justice Wm. H. Sappington was not served upon him a sufficient number of days before the return day of the writ, and, hence, under elementary rules touching jurisdiction in such cases, did not confer on the justice last named jurisdiction to enter the judgment of revivor.

The statute provides that, in proceedings to revive justice's judgments, the citation shall be served upon the defendant, commanding him to appear before the

justice at a time *not less* than ten nor more than thirty days from the issuing thereof. The statute also provides that the time and manner of service shall be like that of a summons. Revised Statutes, 1889, secs. 6292, 6297. The statute also provides that every summons issued by any justice of the peace shall be served *at least* ten days before the day of appearance therein mentioned. Revised Statutes, 1889, sec. 6148.

The defendant contends that the words "not less" and "at least" contained in the above sections are equivalent in meaning with the word "more," and, hence, take the case out of the rule fixed by statute for the computation of time, namely: "The time within which an act is to be done shall be computed by excluding the first day and including the last." Revised Statutes, 1889, sec. 6570. The only case in this state cited in support of that view by the defendant is *Taylor v. McKnight*, 1 Mo. 120, decided in 1821, as to which counsel overlooked the fact that the above provision as to the proper computation of time first appears in the Revised Statutes of 1855, page 1026, section 22. We held in *City of St. Louis v. Bambrick*, 41 Mo. App. 650, that this statute is intended to furnish a general rule, plain and comprehensible, for the computation of time under every statute whose terms do not make such a construction inadmissible. The words "at least" and "no less" simply mean what they purport to mean, that is to say, so many days and no less, and hence do not take the case out of the rule fixed by statute, and that is the view we took in the case last cited.

The only remaining inquiry is, whether the judgment entry of revivor is regular, or whether defendant is entitled to have the execution quashed because not in conformity with the judgment? There is a recognized difference between an action of debt upon

a judgment, and a proceeding by *scire facias* to revive it. In the former action the new judgment capitalizes the principal and interest accrued, and the judgment entry goes for the aggregate amount. In the latter proceeding there is no compounding of interest, and the new judgment entry simply declares that the judgment revived is still in force for whatever remains unpaid thereon. Revised Statutes, 1889, sec. 6293. The judgment entry of revivor in the case at bar is in conformity with these requirements. The original judgment was for $150, and the entry recites "that said judgment be revived from this date, and that execution issue therefor for the sum of $150, the amount due and unpaid, with interest and costs, *said judgment amounting to $245.25*. The statement italicized was wholly unnecessary, but we cannot see how this surplusage can affect the validity of the entry of the judgment of revivor, which is regular in all other respects. But, even if the justice had erroneously compounded the interest in the entry of reviving the judgment, the *error* could not have been corrected on motion to quash the execution (*Bauer v. Miller*, 16 Mo. App. 252), because a motion to quash an execution is not a substitute for an appeal to reach errors and irregularities in a justice's court, which are not jurisdictional in their nature. *Ewing v. Donnelley*, 20 Mo. App. 6.

It stands admitted that an execution was issued on the revived judgment by the justice and was returned *nulla bona*, and that, thereafter, the transcript was filed in the circuit court, on which the execution in question was issued. The execution in question is irregular because it does not follow the judgment, it being an execution for $245.25 and interest from May 8, 1891, the date of revivor, instead of an execution for $150 with interest from October 7, 1880, as it should have been. No complaint was made of the execution *on that score* in

the circuit court.   If such complaint had been made, that court undoubtedly would have rectified the mistake, as it was in its power to do.   Whether that fact alone would have furnished ground for quashing the execution altogether, may be doubted.   *City of Warrensburg v. Simpson*, 22 Mo. App. 695.    However that may be, it suffices to say that the attention of the trial court was not called to that irregularity, and on well-settled rules the point cannot be made in this court for the first time.    The defendant, upon payment of the judgment of $150, with legal interest thereon from October 7, 1880, and costs, will be entitled to have his judgment satisfied.

There being no error in the record, the judgment is affirmed.   All concur.