KNIGHT BROTHERS, Respondents, v. FRED C. MERSMAN, Appellant.

St. Louis Court of Appeals, April 7, 1896.

Justices' Courts: TERM OF OFFICE. The election of. justices of the peace in the city of St. Louis under the act of April 21, 1891, did not terminate the functions of the justices in that city who held office at the time. Those functions terminated only when the justices elected under that act qualified.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

REVERSED AND REMANDED.

*Mills & Grant* for appellant.

*G. H. TenBroek* and *L. C. Spooner* for respondents.

BOND, J.—This case was tried on November 22, 1894, by Patrick Kane, who had theretofore been elected justice of the peace of the fifth district of the city of St. Louis, upon a summons issued on the eighth of November, 1894. On the thirtieth of November, 1894, defendant appealed from the judgment rendered to the circuit court of the city of St. Louis. On the first day of

December said Kane certified the cause to the circuit court. The district in which Kane presided as justice was included in a district laid off under the act of 1891 providing for redistricting the city, and for the election of justices of the peace. On the sixth of November, 1894, Patrick Sheehan was elected justice of the new district embracing that formerly belonging to Kane, and qualified at 11:09 A. M., November 30, 1894. In the circuit court plaintiff moved to affirm the judgment of the justice for failure of defendant to give statutory notice of his appeal therefrom. Defendant filed a motion to dismiss the cause for want of jurisdiction, on the ground that Patrick Kane was not a justice of the peace at the time of the bringing of the suit, the rendition of the judgment, or the certification of the cause to the circuit court. Said motions were considered together by the court, and judgment given overruling that of defendant and affirming the judgment of the justice. Defendant appealed to this court.

It is claimed by defendant that the notice of his appeal, service of which was accepted by plaintiff on March 22, 1895, was sufficient to prevent an affirmance of the judgment at the April term of the circuit court, beginning on the first day of said month and being the second term after the taking of the appeal. This point is well taken. *Sappington v. Lenz*, 53 Mo. App. 44. Excluding the first day, to wit: March 22, 1895, and including the last day, April 1, 1895, there remained ten days' notice of appeal, as prescribed by section 6344. The provision in Revised Statutes, 1889, section 6570, for excluding Sunday when it is the last day did not apply, as in this case the last day was April 1, 1895, which was Monday. This seems to have been overlooked by counsel for appellant. Had he directed the attention of the trial court to this fact, the motion to affirm would doubtless have been overruled.

Appellant insists that his motion to dismiss the suit should have been sustained. In support of this contention it is claimed that the act of April 23, 1891, relating to the election of justices of the peace, repealed by substitution section 6094, Revised Statutes, 1889, on the same subject. If this be conceded, still the conclusion contended for by defendant, that the offices and functions of prior justices ceased upon election under the latter act, does not follow. It is expressly said in the constitution: "In the absence of any contrary provision, all officers now or hereafter elected or appointed, subject to the right of resignation, shall hold office during their official terms, and until their successors shall be duly elected or appointed and qualified." This is an affirmative grant of tenure of office, failing resignation, to the time of qualification of the successor of the office-holder. The only limitation to the term thus provided for by the constitution is that a contrary provision shall not have been made by statute. The act of April 23, 1891, does not in terms, nor by necessary implication, cut off the tenure of the predecessors of the justices elected under the latter act prior to the qualification of the newly elected justices. Hence, the conclusion is unavoidable that the former justices held until the qualification of their respective successors, and the trial court did not err in refusing to sustain the motion to dismiss the suit.

For the mistake of computation whereby the court affirmed the judgment, it will be reversed and the cause remanded. It is so ordered. All concur.