HENRY CHITTENDEN et al., Appellants, v. WILLIAM T. GRAVES et al., Respondents.

St. Louis Court of Appeals, May 17, 1910.

1. LIMITATION: Justices' Courts: Judgments: Barred in Five Years. An action on a justice's judgment is barred after five years.

2. ———: ———: ———: Transcript Filed in Circuit Court: Limitation. Though section 4019, Revised Statutes 1899, gives a justice's judgment many of the attributes of a judgment of the circuit court, when the transcript is filed in the office

of the circuit clerk, and such court may modify it, the judgment remains that of the justice, and not that of a court of record, as regards the limitation period within which an action on it will lie.

Appeal from Lewis Circuit Court.—*Hon. Chas. D. Stewart,* Judge.

AFFIRMED AND REMANDED.

*C. M. Ewalt* for appellants.

(1)   When the transcript of a justice's judgment is filed in the office of the clerk of the circuit court it becomes as a judgment of the circuit court, its life and efficacy being the same. Tracy v. Whitsett, 51 Mo. App. 149.   (2)   One of the ways of giving life and carrying into effect a judgment of the circuit court is by instituting a suit thereon before the period of limitation has expired, which is ten years. It may be observed that the statutory proceeding by *scire facias,* and issuing an execution, has not taken away the right of a plaintiff to sue on his judgment. Pears v. Goff, 76 Mo. 92; Greathouse v. Smith, 4 Ill. 541; Ames v. Hoy, 12 Cal. 11. (3)   Where the transcript of a judgment of a justice of the peace is filed in the circuit court and entered in the judgment docket, the Statute of Limitations commences to run from the time of such filing and entry, and not from the date of the justice's finding.   Burr v. Engles, 24 Ark. 283.

*Hilbert & Hilbert* and *A. F. Haney* for respondent.

An action on the judgment of a justice of the peace must be commenced within five years after the judgment is rendered by the justice. If not commenced within that time, it is barred by the Statute of Limitations. R. S. 1899, sec. 4273; Sublette v. Railroad, 96 Mo. App. 113; Coomes v. Moore, 57 Mo. 338; Long v. Tharmond, 83 Mo. App. 227; Pierce v. Davidson, 58 Mo. App. 106.

Chittenden v. Graves.

GOODE, J.—These plaintiffs recovered a judgment before E. Frank Henderson, justice of the peace, September 28, 1897, against defendant for $135.35 and costs taxed at three dollars. October 28, 1897 a transcript of that judgment was filed in the office of the circuit clerk of Lewis county, and on October 26, 1907, plaintiff filed a petition in the circuit court of said county wherein they alleged the rendition of the judgment by the justice of the peace September 28, 1897, as stated, the filing of the transcript October 28, 1897, in the circuit clerk's office; that no part of said judgment had been paid, and prayed judgment against defendant for the amount of it, which by that time was $228.95, the court found. Judgment was entered as prayed on the justice's judgment, or on the transcript of it; but afterward the court granted a new trial on the motion of defendant Graves who pleaded the Statute of Limitations; but was left standing against Montgomery, who failed to answer, and against whom a default judgment was rendered, and from the order allowing a new trial to Graves, this appeal was taken. The reasons assigned by the court for sustaining the motion for new trial were that the judgment of the circuit court was against the law and the evidence and no action on the judgment of the justice of the peace could be maintained after five years; that is to say, an action on such judgment would be barred after five years. There was no evidence put in except matters of record, and the question presented on the appeal is one of law.

The theory of plaintiffs is, that when the transcript of the judgment of the justice was filed in the office of the clerk of the circuit court, the justice's judgment became a judgment of the circuit court on the date of the filing, to-wit, October 28, 1897, and, therefore, this action, which was instituted October 26, 1907, was in time, because an action on a judgment of a court of record may be brought at any time within ten years. [R. S. 1899, sec. 4273.] It has been decided in this

State, an action on a justice's judgment is barred after five years. [Sublette v. Railroad, 96 Mo. App. 113, 69 S. W. 745.] Counsel for plaintiff argues that the statute which provides for the filing of transcripts of justices' judgments in the circuit court, prevents this rule from being applicable to an action on what counsel terms "a transcript judgment." . It is true the statute gives the justice's judgment many of the attributes of a judgment of the circuit court when the transcript is filed in the office of the circuit clerk. It creates a lien on real estate belonging to the defendant situate in the county, may be revived and carried into effect in like manner as a judgment of .the circuit court, and said court may modify it. [R. S. 1889, sec. 4019; Babb v. Bruere, 23 Mo. App. 604; Bauer v. Bauer, 44 Mo. 61.] Nevertheless after the transcript is filed, the judgment is still that of the court which rendered it and not, we think, of a court of record as regards the limitation period within which an action on it will lie, as well as in other qualities. [Pierce v. Davidson, 58 Mo. App. 106; Coomes v. Moore, 57 Mo. 338.] We find nothing in the statutes which warrants the distinction attempted to be taken between a justice's judgment after a transcript of it has been filed ·in the office of the circuit clerk .and what counsel for plaintiff designates as a "transcript judgment;" no section or clause which is intended to make the filing of the transcript create a judgment of the latter kind and extend the limitation of actions on it to ten years. Moreover, to sustain plaintiff's case it would be necessary to allow a longer period of limitation for actions on judgments of justices of the peace than is allowed for actions on judgments of courts of record. The present judgment was rendered September 28, 1897, and would be barred by the ten years' Statute of Limitations, unless, as plaintiff's counsel argues, a new judgment came into existence by virtue of the filing of the transcript on October 28. On the whole we think the action must fail. In so far as it was taken

for granted in the reasoning of the opinion in Bick v. Robbins, 131 Mo. App. 670, 111 S. W. 612, that an action on a justice's judgment was not barred until ten years after its rendition, said opinion is disapproved.

The judgment below for a new trial is affirmed and the cause remanded. All concur.