JOHN M. LONGLETT, APPELLANT, v. HENRY EISENBERG, RESPONDENT.*
—10 S. W. (2d) 317.

St. Louis Court of Appeals. Opinion filed November 6, 1928.

806

*Corpus Juris-Cyc. References: Judgments, 34CJ, section 1033, p. 671, n. 29; section 1037, p. 675, n. 83.

*A. F. Haney* for appellant.

*Hilbert & Henderson* for respondent.

DAUES, P. J.—Plaintiff filed his application in the circuit court of Lewis county for writ of *scire facias* to revive judgment rendered December 18, 1925. On the same day the writ of *scire facias* was issued upon said application. The defendant demurred to same, which the court sustained, and plaintiff has appealed.

The record discloses that plaintiff on December 20, 1915, obtained a judgment against defendant for $89.01 and costs amounting to $7.95 before a justice of the peace in Lewis county. This judgment ran along unsatisfied until plaintiff on March 13, 1916, filed a duly certified transcript of said judgment in the justice court with the circuit court of Lewis county, and it appears that the clerk on that day duly filed and recorded said transcript judgment in the docket of the circuit court judgments of that county. It remained there until December 18, 1925, when this revival proceeding was instituted. So that it appears from the application and the writ itself that the justice of the peace judgment was rendered December 20, 1915, and same became recorded on the justice's transcript in the circuit court on March 13, 1916, and the application and writ of *scire facias* took place December 18, 1925.

While the respondent has filed no brief, we gather from what the appellant says in his brief that the lower court took the position that this was strictly a judgment from the justice's court, and being so, doubtless relied upon the case of German Literary Society v. Bloch, 143 Mo. App. 7, 122 S. W. 35, a very interesting opinion by the late Judge GOODE of this court, to the effect that a revival in the justice's court must actually take place within ten years; that it is not enough that the revival be started within ten years, but must be consummated

within ten years. Strangely enough, we are unable to find that this case has ever been cited by the Supreme or the appellate courts.

Assuming that that case still expresses the law of this State, and we think it does, then if this is a revival proceeding to revive a judgment of the justice's court in a strict sense, the lower court is correct in saying that it was barred by the ten-year Statute of Limitations, which is now section 2860, Revised Statutes Missouri 1919.

Judge GOODE pointed out in that case that there could be conceivable mischief played under that statute by continuances and appeals and what not, so as to prevent an actual revival within ten years, but nevertheless held that the statute left no other view open to the appellate court. We, however, are not confronted with exactly that situation. Here, we have a judgment in the justice court which became recorded within a year as a judgment in the circuit court docket in conformity with the law authorizing such procedure. Shall we now treat the instant revival proceeding, which is brought within ten years of the actual rendition of same before the justice, as being too late because such revival was not consummated within ten years? In other words, does the filing or the institution of the revival proceedings within ten years of the rendition of the judgment in the justice court and amply before the expiration of the ten-year limit as a circuit court judgment, leave this attempted revival barred? We cannot persuade ourselves to believe that the lower court correctly construed the statutes pertaining thereto. The revival proceedings carefully followed sections 2850, 2851, 1560 and 1563, Revised Statutes Missouri, 1919.

Section 2850 relates to the matter of the justice certifying transcripts and the clerk of the circuit court filing such transcript and recording same in the book that he kept for that purpose. This book is the "Docket of Circuit Court Judgments."

Section 2851 provides that from the date of the filing of the transcript the judgment shall be a lien on the real estate of the defendant, etc., and such judgment shall be under the control of the circuit court where the transcript is filed, and that such judgment may be revived and may be carried into effect in the same manner and with like effect as judgments of circuit courts.

Section 1557, Revised Statutes Missouri, 1919, provides that judgments of the circuit courts may be revived by the plaintiff or his legal representative suing out a *scire facias* to revive a judgment or lien within ten years. This statute clearly implies, and the authorities so hold, that as a circuit court judgment it is enough if plaintiff sues out a *scire facias* within ten years of the date of the judgment.

It has been held in this State that in a *scire facias* proceeding it is not necessary to file a written petition or application for a writ, but that the writ of *scire facias* itself is the foundation of the action. [Bick v. Vaughn, 140 Mo. App. 595, 120 S. W. 618.] And it is the

law that the *scire facias* to revive a judgment may be issued at any time within ten years after the rendition of the judgment. [Goddard v. Delaney, 181 Mo. 564, 80 S. W. 886.]

We think there can be no doubt that under section 1557 of our statutes, supra, it is enough that you sue out the writ of *scire facias* within ten years from the date of the judgment. We are unable to find a single case in Missouri jurisprudence which decides directly whether section 2860, supra, would or would not apply to a transcript judgment of the justice of the peace filed in the circuit court. There are cases which decide that section 2854, Revised Statutes Missouri, 1919, does not apply to such transcript judgments, and we are inclined to believe that the same reason would govern the application of section 2860, supra.

The following cases, to-wit: Carpenter v. King, 42 Mo. 219; Jordan v. Surghnor, 107 Mo. 520, 17 S. W. 1009; Tracy v. Whitsett, 51 Mo. App. 149, and Chittenden v. Graves, 148 Mo. App. 537, 128 S. W. 522, indicate that when a transcript of the justice's judgment is filed in the clerk's office and entered in the docket of the circuit court dockets, it then becomes for purposes of execution and revival a judgment of the circuit court, and under such circumstances we are of the opinion that the court erred in sustaining this demurrer and holding that this proceeding was barred by the statute. Accordingly, the judgment is reversed and the cause remanded, with directions to proceed in accordance with our views herein expressed. *Becker* and *Nipper, JJ.,* concur.