THE GREGORY GROCERY COMPANY, RESPONDENT, v. FRED LINK, APPELLANT.

Kansas City Court of Appeals. January 27, 1930.

*Waltner & Waltner* for respondent.

*Davis & Davis* for appellant.

BARNETT, C.—This is a proceeding to revive a judgment by *scire facias.* Plaintiff's original judgment against the defendant was rendered by a justice of the peace on August 25, 1915. The judgment was revived on October 22, 1917. The affidavit by which

the present proceedings was instituted was filed with the justice on the 11th day of July, 1927, and judgment was rendered for plaintiff on September 28, 1927. The defendant appealed and the Circuit Court of Jackson County affirmed the judgment of the justice. Defendant appealed to this court.

## OPINION.

Appellant contends that the circuit court erred in affirming the judgment of the justice because the evidence disclosed that this was a proceeding by *scire facias* to revive a judgment originally entered by the justice on August 25, 1913, more than ten years before the affidavit to revive the judgment in the present proceeding was filed. Section 2860, Revised Statutes 1919, which pertains to judgments rendered by justices of the peace, is as follows:

"A judgment once revived may be again revived, in the same manner and with like effect as the first revival was had; *provided,* that no judgment shall be revived after the lapse of ten years from the rendition thereof or from the date such judgment may have been revived as hereinbefore provided."

The statute plainly provides that the limitation shall run from the date of the judgment, or, if it has been revived, from the date of the revival. Nevertheless, the appellant after setting out the statute *verbatim,* boldly contends that no revival can be had after ten years from the rendition of the original judgment. In defense of this construction of the statute appellant cites the cases of German Society v. Bloch, 143 Mo. App. 7, and Longlott v. Eisenberg, 10 S. W. (2d) 317. Those cases neither decide nor suggest the theory contended for. In German Society v. Bloch, supra, the St. Louis Court of Appeals held that a judgment of a justice could not be revived after the lapse of ten years, but there was no previous revival of the judgment. In Longlett v. Eisenberg, supra, it was held that *scire facias* to revive a judgment may be issued any time within ten years after the rendition of the judgment, but that the statute fixing this limitation did not run from the date of the judgment of the justice where the transcript was subsequently filed in the circuit court. The question of a previous revival was not involved. The case is only remotely in point, but so far as it involves the question before us it is against the appellant. We decide this point against the appellant upon the ground that the statute means what it plainly says.

Appellant contends that the trial court erred in proceeding as if on an action for debt and damages on a judgment entry of the first revival of October 22, 1917, and erred in proceeding to enter another judgment for the amount of $563.15, and not in any way showing a judgment of revival of the original judgment dated August 25,

1913 for $283.85. The judgment of the trial court recited that the judgment of the justice rendered on September 28, 1927:

"be in all things affirmed, and in accordance therewith, it is ordered and adjudged by the court that plaintiff do have and recover of and from Fred Link as principal and Lucinda Link, as surety on defendant's appeal bond herein, the sum of $563.15, together with its costs incurred and expended therein and have execution therefor."

The judgment of the justice recited as follows:

"The justice finds that the defendant owes and is indebted to plaintiff on affidavit to revive judgment dated 10/22/17, in the sum of $351.97 and interest in the sum of $211.18, making a total of $563.15 and costs therefor. It is considered, ordered and adjudged by the justice that the plaintiff do have and recover of and from the said defendant Fred Link, the sum of $563.15, with costs of the suit and herein have execution."

The judgments of the justice and of the circuit court would have been appropriate had the plaintiff brought suit on his judgment. They are not appropriate to a proceeding to revive a judgment by *scire facias*. Section 2857, Revised Statutes 1919, provides as follows:

"If the defendant fail to appear after service and return of the citation, or appearing, shall fail to show sufficient cause to the justice why the judgment shall not be revived, the justice shall make an entry on his docket, reviving the same from the date of such entry, and issue execution, unless otherwise directed, for the amount of what may appear to be due on such judgment, with the interest thereon and all costs."

The rendition of the judgment in this case was erroneous. [Humphreys v. Lundy, 37 Mo. 320; Sappington v. Lenz, 53 Mo. App. 44.] When the judgment recites that the former judgment is revived, further recital in the form of a new judgment may be regarded as surplusage. [Trimble & Fyfer v. Elkin, 88 Mo. App. 229.]

The *scire facias* required the defendant to show cause why the judgment of revivor dated October 22, 1917, should not be revived. This was erroneous. It is the original judgment which may again be revived. There is no authority for reviving a judgment of revivor. There has never been any *scire facias* or application for *scire facias* to revive the original judgment. The judgment of the circuit court should be reversed. The commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion by BARNETT, C., is hereby adopted. The judgment is reversed. *Bland* and *Arnold, JJ.,* concur; *Trimble, P. J.,* absent.