M. A. KENNEDY, ASSIGNEE OF JAMES B. O'CONNOR AND J. S. O'CONNOR, RESPONDENTS, v. GEORGE BODEN, APPELLANT.—231 S. W. 2d 862.

Kansas City Court of Appeals. Opinion delivered June 5, 1950.

*Cortner & Beals* for appellant.

*Roy W. Crimm* for respondents.

BOUR, C.—This is an appeal from an order of the circuit court of Jackson County overruling appellant's motion to quash an execution issued against him by that court. The record shows that on September 20, 1929, James B. O'Connor and J. S. O'Connor recovered a judgment for $408.12 against appellant in a justice court of Jackson County. On October 15, 1929, a certified transcript of this judgment was filed in the office of the circuit clerk of Jackson County. On September 20, 1939, James B. O'Connor and J. S. O'Connor filed in the office of said circuit clerk an application for a writ of scire facias to revive the judgment of the justice court. On the same day the clerk of the circuit court issued such a writ and appellant was served with a copy thereof on October 2, 1939. On February 5, 1940, a judgment in the form of a general judgment was rendered for $660.02, which included the amount of the justice court judgment for $408.12 and interest thereon from September 20, 1929 in the sum of $251.90. Appellant did not appear either in the original action in the justice court or in the action in the circuit court on the scire facias, and the judgment in each case was rendered against him by default. On June 15, 1948, James B. O'Connor and J. S. O'Connor assigned this judgment to M. A. Kennedy, the respondent herein, and the assignment was attached to the judgment entry. On May 20, 1949, the clerk of the circuit court issued a general execution against appellant for $660.02 and interest from February 5, 1940, the date of the circuit court judgment, and the sheriff made

a levy on appellant's property. Thereafter, appellant filed a motion to quash the execution on the grounds that the circuit court had no jurisdiction to render the judgment of February 5, 1940, and that the "said execution is a nullity, not complying with the statutes as to issuing execution on assigned judgments." The parties have stipulated "that no part of said asserted judgment, or the debt or obligation on which it was founded, has ever been paid or satisfied by appellant or anyone but, if valid, remains fully undischarged."

Appellant contends that the justice court judgment rendered on September 20, 1929 was conclusively presumed to be paid and satisfied after September 20, 1939, and, therefore, that the circuit court "had no jurisdiction on February 5, 1940 to render a judgment of revival or a new judgment on said justice court judgment," citing sections 1308, 1014, 2687, 2696, R. S. Mo. 1939, Mo. R.S.A. All of these statutes were in effect at the times mentioned herein. Section 2696, R. S. 1939, Mo. R.S.A., which dealt with revival proceedings in a justice court, provided that "no judgment shall be revived after the lapse of ten years from the rendition thereof, or from the date such judgment may have been revived, as hereinbefore provided." In German Literary Society v. Bloch, 143 Mo. App. 7, 12, 122 S. W. 351, 353, it was held that section 2696 "fixes the limit of time in which a revival may be ordered and not in which it may be applied for, as in the case in proceedings to revive a judgment in a court of record," so that a judgment rendered by a justice on February 25, 1897 could not be revived by a judgment of the justice rendered on March 28, 1907, although the petition to revive was filed on February 21, 1907, and within the ten-year period. In the instant case, however, we are not confronted with a revival proceeding before a justice of the peace. Here, a certified copy of a judgment rendered by the justice on September 20, 1929 was filed in the circuit clerk's office on October 15, 1929. On September 20, 1939, the plaintiffs in the justice court action filed in the circuit court an application for a writ of scire facias to revive the judgment and the writ was issued on the same day; but the circuit court did not enter the judgment in question until February 5, 1940.

Section 2686, R. S. Mo. 1939, Mo. R.S.A., related to the matter of filing a certified copy of a judgment of a justice in the office of the circuit clerk. Section 2687, R. S. Mo. 1939, Mo. R.S.A., provided that from the time of the filing of the transcript in the circuit court the judgment "shall have the same lien on the real estate of the defendant in the county as is given to judgments of circuit courts, and shall be under the control of the court where the transcript is filed; may be revived and carried into effect in the same manner and with like effect as judgments of the circuit courts, and executions issued thereon may be directed to and executed in any county in the state; * * *." Section 1271, R. S. Mo. 1939, Mo. R.S.A., relating

to revival proceedings in the circuit court provides: "The plaintiff or his legal representative may, at any time within ten years, sue out a *scire facias* to revive a judgment and lien; but after the expiration of ten years from the rendition of a judgment, no *scire facias* shall issue."

It will be noticed that Section 2696, supra, which dealt with revival proceedings in a justice court provided that "no judgment shall be revived after the lapse of ten years from the rendition thereof," whereas the section just quoted contains no such limitation. We believe that under sections 2686 and 2687, supra, the justice's judgment in the present case became a judgment of the circuit court for the purposes of revival when a transcript of the judgment was filed in the circuit court, and that section 1271 rather than section 2696 governs this case. Such was the ruling in Longlett v. Eisenberg, 222 Mo. App. 805, 10 S. W. (2d) 317. In that case the judgment of the justice of the peace was rendered on December 20, 1915, and the transcript of the judgment was filed in the circuit court on March 13, 1916. The application for a writ of scire facias to revive the judgment was filed in the circuit court on December 18, 1925, and on the same day the writ was issued; but, as in the present case, the revival proceeding was not consummated within ten years from the date of the justice's judgment. It was held that the revival proceeding in the circuit court was not barred under section 2696 by the lapse of a ten-year period between the time of the entry of the justice's judgment and the consummation of the revival proceeding, since the judgment was a circuit court judgment for the purposes of revival, and therefore was governed by section 1271. The court said (10 S. W. 2d. 1. c. 318): "We think there can be no doubt that, under section 1557 (now section 1271) of our statute, supra, it is enough that you sue out the writ of scire facias within ten years from the date of the judgment." We believe that this decision is sound. See also City of St. Louis v. Miller, Mo. App., 155 S. W. 2d 565. In the instant case, as in the Longlett case, the application for a writ of scire facias was filed in the circuit court and the writ was issued within the ten-year period, so that the revival proceeding was not barred by section 1271. As to computation of time see section 655, R. S. Mo. 1939, Mo. R.S.A.; White v. Teague, 353 Mo. 247, 258, 182 S. W. (2d) 288, 291; Thompson v. Farmers' Exchange Bank, 333 Mo. 437, 448, 62 S. W. (2d) 803, 807.

Appellant also relies on section 1038 R. S. Mo. 1939, Mo. R.S.A., which provides that "every judgment, order or decree of any court of record in the United States, or of this or any other state, shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof; * * *." This statute does not aid defendant, for it has been held that if scire facias to revive a judgment is issued prior to the expiration of ten

years from the date of rendition of the judgment, the judgment of revival is valid under section 1038, although rendered after the expiration of the ten years. In re Jackman's Estate (Flink v. Parcell), 344 Mo. 49, 124 S. W. (2d) 1189. Appellant relies on the following cases: Wormington (Woolsey) v. City of Monett, 358 Mo. 1044, 218 S. W. (2d) 586; Northwestern Brewers Supply Co. v. Vorhees, 356 Mo. 699, 203 S. W. (2d) 422; Union Natl. Bank of Wichita, Kansas v. Lamb, 358 Mo. 65, 213 S. W. (2d) 416; Chittenden v. Graves, 148 Mo. App. 537, 128 S. W. 522. In the first case, the question was whether section 1038 was suspended or tolled during an appeal so that the ten-year period did not commence to run against plaintiff's judgment until the appeal was finally disposed of. The second case involved an action on a Wisconsin judgment; and the third an action on a revived Colorado judgment. The fourth case held that an action on a justice's judgment was barred after five years by what is now section 1014, R. S. Mo. 1939, Mo. R.S.A. Since none of these cases involved a proceeding to revive a judgment of this state, they are not in point.

Appellant also contends that the judgment of the circuit court is void because: "The alleged judgment rendered on February 5, 1940, was a general judgment and not a judgment of revival. The judgment is not supported by the pleadings and the court had no jurisdiction to render a general judgment on an application for scire facias. It is a judgment for interest on interest which cannot be had on revival." As stated, the original judgment was rendered on September 20, 1929 for $408.12. On September 20, 1939, a petition was filed in the circuit court praying for a scire facias to revive the judgment. Upon the filing of the petition a scire facias issued as prayed, which was duly served on appellant, and upon its return, appellant making default, the court on February 5, 1940, rendered a judgment against appellant which reads in part as follows: "Now on this day this cause coming on regularly for trial * * * the court finds the issues for plaintiffs and against defendant; that defendant is indebted to plaintiffs in the principal sum of Four Hundred Eight and 12/100 ($408.12) Dollars, with interest thereon amounting to Two Hundred Fifty One and 90/100 ($251.90) Dollars, being a total of $660.02. Wherefore, it is ordered and adjudged by the Court that plaintiffs have and recover from the defendant the sum of Six Hundred Sixty and 02/100 ($660.02) Dollars, together with the costs of the cause and have therefor execution." It will be noticed that this judgment is in the form of a general judgment for $660.02, which included the amount of the original judgment for $408.12 and interest thereon in the sum of $251.90. In this state a judgment of revivor should simply recite that the judgment revived is still in force for the amount remaining unpaid; and a finding of the aggregate amount of principal and interest due at the date of revival is improper. In

Sappington v. Lenz, 53 Mo. App. 44, 51, the court said: "There is a recognized difference between an action of debt upon a judgment, and a proceeding by scire facias to revive it. In the former action the new judgment entry goes for the aggregate amount. In the latter proceeding there is no compounding of interest, and the new judgment entry simply declares that the judgment revived is still in force for whatever remains unpaid thereon." See section 1277, R. S. Mo. 1939, Mo. R.S.A.; Gregory Grocery Co. v. Link, 224 Mo. App. 407, 25 S. W. (2d) 575. Since the judgment entry in question did not conform to these requirements, the appellant contends that the entire judgment is void. In this connection appellant argues that the circuit court had no jurisdiction to render the judgment of February 5, 1940, because it was based on issues not made by "the allegations of the pleadings and the prayer for relief" and, therefore, that it is subject to attack by a motion to quash the execution. A motion to quash an execution issued on a judgment will lie where the record shows that the judgment is void for want of jurisdiction of the court rendering it. State ex rel. Bair v. Producers Gravel Co., 341 Mo. 1106, 1110, 111 S. W. (2d) 521; Harrison v. Creason, 238 Mo. App. 118, 176 S. W. (2d) 849; Dewey v. Union Electric Light & Power Co., Mo. App., 83 S. W. (2d) 203.

Appellant cites several cases which hold that where a court goes beyond and outside the allegations of the pleadings and prayer for relief and assumes to adjudicate a matter not within the issues made by the pleadings, then such judgment is to that extent void and subject to collateral attack. Riley v. La Font, Mo. Sup., 174 S. W. (2d) 857; Weatherford v. Spiritual Christian Union Church, Mo. Sup., 163 S. W. (2d) 916; Brown v. Wilson, 348 Mo. 658, 155 S. W. (2d) 176; Dickey v. Dickey, Mo. App., 132 S. W. (2d) 1026. These cases do not hold that a judgment must be either valid or void as a whole, and that a judgment cannot be valid in part and void in part. On the contrary, they hold that although a judgment may go beyond the issues made up in the pleadings and grant relief not asked for, or not within the competence of the court, yet it may be valid for as much as the court had power and authority to include in it, if the valid part is separable from the remainder. In such a case the court may treat the void part of the judgment as surplusage which may be disregarded, leaving the remainder of the judgment standing. See also 49 C.J.S. sec. 450, p. 88; 1 Freeman on Judgments (5th Ed.), sec. 324, p. 648, and sec. 354, p. 734.

In determining the validity and effect of the circuit court judgment, we must consider the entire record. McDonald v. Frost, 99 Mo. 44. The application to revive a judgment by scire facias is not treated as a petition, and no pleading to such application is required. The writ of scire facias is deemed the first pleading in the proceeding and must be met by demurrer for insufficiency or by answer, and

issues thus formed as in other cases. Beattie Mfg. Co. v. Gerardi, Mo. Sup., 214 S. W. 189; Reyburn v. Handlen, 165 Mo. App. 412, 147 S. W. 846. The writ of scire facias issued in this case and served on appellant was in the usual form. It described the original judgment of the justice of the peace which description included the name and district of the justice, the names of the parties, the date of such judgment (September 20, 1929), and the amount thereof ($408.12, and costs). It recited that on October 15, 1929, a certified copy of the judgment so described was filed in the office of the circuit clerk in Jackson County and recorded by the clerk in a book kept for that purpose; and it commanded the sheriff to summon the appellant to show cause on a certain date why the judgment of the justice and the lien thereof should not be revived according to the force and effect of said judgment. As shown above, the circuit court judgment did not contain a clause reviving the original judgment and it improperly compounded the interest. However, the judgment entry recited that "now on this day *this cause* coming on regularly for trial, * * * and the record shows that *"this cause"* referred to the proceeding by scire facias to revive the judgment of the justice rendered on September 20, 1929, for $408.12. The entry also showed on its face that the aggregate amount of the judgment ($660.02), included the sum of $408.12, with interest thereon in the sum of $251.90, which was the amount of the interest on $408.12 from the date of the original judgment to the date of the circuit court judgment.

We believe that the judgment entered should be construed in connection with the proceedings on which it was based. Since it appears from the entire record that the judgment was based on the proceeding by scire facias to revive the judgment of the justice of the peace and that it was intended as a revival judgment, it should be treated as such, though the entry was not so worded. However, that part of the judgment extending beyond this purpose is invalid and should be treated as surplusage. The judgment can be held valid only for what the court had power to do, namely, to authorize the issuing of execution for the amount unpaid on the original judgment. Cf. Humphreys v. Lundy, 37 Mo. 320; Gregory Grocery Co. v. Link, supra; Trimble v. Elkins, 88 Mo. App. 229; Sappington v. Lenz, supra. Appellant does not deny that the judgment in question was based on the proceeding by scire facias to revive the original judgment and, as heretofore stated, he admits "that no part of said asserted judgment, or the debt or obligation on which it was founded, has ever been paid or satisfied by appellant or anyone but, if valid, remains fully undischarged." Respondent states in his brief that he "is willing to forego the payment of any interest on interest and formally offers to remit any and all part of the money due thereunder which represents interest on interest, excepting the sum of $408.12, the amount of the judgment of September 20, 1929, with

interest and costs, as the amount due and owing." In our opinion we would not be justified in holding, under the record in this case, that the judgment is wholly void. We hold that appellant, upon payment of $408.12, with legal interest thereon from September 20, 1929, and costs, will be entitled to have the judgment satisfied. See Sappington v. Lenz, supra.

Appellant contends that the execution is void because it does not conform to the requirements of section 1302, R. S. Mo. 1939, Mo. R.S.A., which relates to issuing of execution on assigned judgments. That section provides: "In case of assignment, execution shall issue in the name of the original plaintiff, but shall be endorsed by the clerk or justice to be for the use of the assignee." The body of the execution reads in part as follows: "Whereas, M. A. Kennedy, assignee of James B. O'Connor and J. S. O'Connor on the 5th day of February A. D. 1940 in our Circuit Court * * * hath recovered judgment against George Boden for * * * ($660.02), together with interest thereon from date of judgment at the rate of 6 per cent per annum and costs of suit. * * *" Endorsed on the back of the execution are the following words and figures: "No. 467112, General Execution. Issued May 20th A. D., 1949. Returnable September Term, A. D. 1949. M. A. Kennedy, Assignee of James B. O'Connor et al. v. George Boden, Debt $660.02. Interest 6%," followed by a statement of the costs. While the execution is not a model by any means, we believe that the irregularities of which appellant complains do not render the execution a nullity. Section 1301, R. S. Mo. 1939, Mo. R.S.A., provides: "Payment or satisfaction on such judgment to the assignor shall be valid, if made before notice of the assignment to the judgment debtor, but not otherwise." A statutory assignment of a judgment imparts notice to the judgment debtor when attached to the judgment entry. Weaver v. Mitchell, Mo. App., 107 S. W. (2d) 945, 946. In the present case, the assignment of the judgment to M. A. Kennedy was attested by the clerk of the circuit court and attached to the judgment entry on or about June 15, 1948, so that appellant had notice of the assignment before the execution was issued on May 20, 1949. Hence, the appellant is not entitled to have the judgment satisfied unless he pays the amount due thereon to M. A. Kennedy, the assignee. As the original plaintiffs are not entitled to receive payment of the amount due, it is obvious that the requirement of section 1302, supra, that the execution issue in the names of the original plaintiffs, is intended merely to identify the execution and connect it with the judgment under which it issues. The names of the original plaintiffs do appear in the execution, together with the date and amount of the judgment in question, though the language used therein is conspicuously awkward. We believe, however, that the language used is sufficient to identify the judgment on which the execution was issued. It will

be noticed, too, that the execution shows the number of the cause in which the judgment was rendered. Section 1302 also provides that in the case of an assigned judgment the execution shall be endorsed by the clerk to be "for the use" of the assignee. Here the endorsement on the execution does not contain the words "for the use" of the assignee but the endorsement, as well as the body of the execution, refers to M. A. Kennedy as the assignee of James B. O'Connor and J. S. O'Connor, the original plaintiffs. It is apparent, therefore, that the execution was issued for the use of the assignee who is entitled to receive the money collected on the execution. We do not believe that the execution is a nullity merely because the endorsement does not contain the exact words of the statute. For the reasons stated, appellant's contention that the execution is void because it does not conform to the requirements of section 1302, supra, is without merit.

Appellant also contends that the execution is void because "an execution issued on a revival judgment must be issued on the original judgment and not on the order or judgment of revival." As shown above, the execution was issued on the scire facias judgment of the circuit court. However, no complaint was made of the execution on that score in appellant's motion to quash. The motion alleged that "the said execution is a nullity, not complying with the statutes as to issuing execution on assigned judgments." This refers to section 1302, R. S. Mo. 1939, Mo. R.S.A., which is discussed above. This statute does not deal with the point now raised by appellant. A motion to quash an execution issued upon a judgment cannot on appeal be sustained on a ground not alleged in the motion filed in the trial court. State v. Travers, 265 Mo. 246, 250, 177 S. W. 370, 371; Laws of 1943, sec. 140(a), p. 395, Mo. R.S.A., sec. 874.140(a).

We have held that the judgment in question is valid, except as to the amount thereof in excess of $408.12 with legal interest thereon from September 20, 1929. The execution was for $660.02, with interest thereon from February 5, 1940 at the rate of six per cent per annum and costs of suit. However, the appellant is not entitled to have the execution wholly quashed and to be entirely relieved of the levy on his property because of the variance in the amount due on the judgment and the amount stated in the execution when issued. In Pflanz v. Pflanz, 237 Mo. App. 873, 177 S. W. (2d) 631, it was held that since the trial court must quash an execution on a paid judgment, an execution for an amount in excess of the amount due on a judgment should be quashed to the extent of the excess, and be permitted to stand only as to the amount shown to be due and unpaid when the execution was issued. In that case the court pointed out that when the variance is slight between the amount due and the amount stated in the execution, the trial court should not interfere, but where the variance is in a substantial amount it should

98

be corrected. We believe the variance in the present case is substantial and should be corrected.

Accordingly, the order of the trial court overruling the motion to quash the execution should be affirmed in all respects, except as to the amount of the execution in excess of $408.12, plus interest on said $408.12 at the rate of six per cent per annum from September 20, 1929, and costs, and to the extent of such excess the order should be reversed and the cause remanded with directions to enter an order quashing the execution to the extent of such excess, and amending the execution in accordance therewith. *Sperry, C.,* concurs.

PER CURIAM.—The foregoing opinion of BOUR, C., is adopted as the opinion of the court. The order of the trial court overruling the motion to quash the execution is affirmed in all respects, except as to the amount of the execution in excess of $408.12 plus interest on said $408.12 at the rate of six per cent per annum from September 20, 1929, and costs, and to the extent of such excess the order is reversed and the cause remanded with directions to enter an order quashing the execution to the extent of such excess and amending the execution in accordance therewith. *Dew, P. J.,* and *Broaddus, J.,* concur. *Cave, J.,* not participating.