**FIDELITY & DEPOSIT COMPANY OF MARYLAND, Respondent,**

v.

**John SPITCAUFSKY, Appellant.**

No. 25948.

Missouri Court of Appeals,
Kansas City District.

Sept. 7, 1972.

Charles C. Shafer, Jr., and Howard Chamberlin, Kansas City, for appellant.

Glenn E. McCann and Stephen D. Manz, Kansas City, for respondent.

PRITCHARD, Judge.

Appellant's position is that respondent procured a writ of scire facias on May 11, 1971, to *revive a revivor* of a judgment which revivor was entered on May 15, 1961, rather than proceeding to revive the original judgment of $27,894.31, which was granted respondent on July 19, 1951. Appellant contends that there was no judgment of May 15, 1961, but only the revival order of that date with reference to the original judgment, and thus the present order of revival is invalid under Section 511.430, RSMo 1969, V.A.M.S.; Civil Rule 74.42, V.A.M.R., and Gregory Grocery Co., Inc. v. Link, 224 Mo.App. 407, 25 S.W.2d 575, 577.

It is conceded by appellant that the 1951 judgment against him was valid and that the 1961 revivor thereof was proper. Evidence was received of both the judgment entry and the revival order.

The present *application* for a writ to revive the judgment correctly alleges the recovery of the July 19, 1951 judgment against respondent, and the fact that it was

revived by the May 15, 1961 order. It is the writ, recited to have been issued by the Clerk of the Circuit Court in the record, which erroneously recites that respondent recovered $27,894.31 as debt and damages on May 15, 1961, which of course is not true.

It is settled that the writ of scire facias authorized to be issued by Rule 74.-36 to revive a judgment is the first pleading. Kennedy v. Boden, Mo.App., 231 S.W.2d 862, 866 [5–7] and cases cited; Nelson v. Hammet, Mo., 343 S.W.2d 75, 77 [3]. Under Rule 74.30, among the imperfections for which a judgment will not be reversed or affected are "(4) for any variance between the original writ and petition;" and "(14) for any other default or negligence of any clerk or officer of the court or of the parties, or their attorneys, by which neither party shall have been prejudiced." While a writ of scire facias is not an original writ within the rule and statute of jeofails, but only marks a stage in litigation already commenced (State v. Wynne, 238 Mo.App. 436, 181 S.W.2d 781), there is an analogy which permits the pleading (writ of scire facias) to be treated as having been amended to conform to the proof under the facts of this case under Rule 74.31, "The omissions, imperfections, defects and variances enumerated in Rule 74.30, and all others of a like nature, not being against the right and justice of the matter of the suit, and not altering the issues between the parties on the trial, shall be supplied and amended by the court where the judgment shall be given, or by the court into which such a judgment shall be removed by appeal." See also Rule 55.-54; 79 C.J.S. Scire Facias § 9c, p. 462; 47 Am.Jur., Scire Facias, Section 32, p. 479; 46 Am.Jur.2d, Judgments, Section 354, p. 534, and Condos v. Associated Transports, Inc., Mo.App., 453 S.W.2d 682, 690, holding that "Pleadings may be considered to be amended to conform to the proof under the rule even when the amendment is not in fact made."

Gregory Grocery Co., Inc. v. Link, supra, is distinguishable because there had never been any scire facias or application therefor to revive the original judgment, and there was no point made as to amending the writ to conform to the proof.

The judgment is affirmed.

All concur.